CITY OF SACO *vs.* HERBERT R. JORDAN.

York.   Opinion October 3, 1916.

*Boards of health. Evidence necessary to show legal Board. Penal Ordinance; How construed.*

Action to recover the penalty provided for in a health ordinance of the city of Saco.  *Held;*

1.  To maintain an action for the forfeiture provided for in an ordinance for failure to comply with its provisions, full and definite proof is required of all facts and proceedings necessary to show a case within its terms.

2.  It was an essential part of the plaintiff's case to establish by competent proof the fact that there was in October, 1914, a board of health of Saco composed of three members, each duly and legally appointed and qualified, upon whose acts and proceedings, had under the provisions of the ordinance, the action is based.

3.  The evidence which the plaintiff offered to establish the fact that there was a board of health of Saco in October, 1914, if competent for that purpose, shows only the appointment of two members of such board. There is a total lack of proof of the appointment of a third member of the board for 1914.

4.  If only two members of a board of health are appointed, they cannot legally do acts authorized to be done by a majority of the board, since in such case no official board of health exists of which they would be a majority.

Action of debt to recover of the defendant certain money as a penalty for failure to comply with a certain ordinance of the city of Saco relating to public health.   Defendant pleaded general issue. At conclusion of testimony, case reported to Law Court upon so much of evidence as legally admissible, Law Court to render such judgment as legal rights of the parties require.   Judgment for defendant.

Case stated in opinion.

*Franklin R. Chesley,* city solicitor, and *Emery & Waterhouse,* for plaintiff.

*Stone & Stone, Joseph B. Dow, and Robert B. Seidel,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

KING, J. This case comes up on report. It is an action to recover the penalty provided for in the following ordinance of the city of Saco.

"AN ORDINANCE RELATING TO HEALTH.

Be it Ordained by the City Council of the City of Saco, as follows :—

Whenever there is an adequate public sewer or drain built or maintained by the city of Saco in any of the streets, alleys, places or lanes thereof, if the board of health or a majority thereof shall be of the opinion and shall so adjudge the waste water, slops and human excreta upon and incident to the use of any building or buildings or premises, on lots contiguous to any of said streets, alleys, places or lanes in which is any such sewer or drain, but not connected with such sewer or drain through proper and authorized plumbing, are offensive to sight or smell, or are dangerous to life or health, the owner or owners of such house or premises shall forthwith connect said house or premises with said sewer, and shall thereafter drain all wash water, waste water, slops and human excreta from said building or premises into said sewer. And any such owner or owners, who after thirty days' notice in writing from the board of health that said waste water, slops and human excreta are offensive to sight or smell, or are dangerous to life or health, and that he or they must forthwith connect said house or premises with said sewer or drain, shall fail or neglect to make such connections in a manner satisfactory to the board of health; or if such connection has been made, shall thereafter fail or neglect after such notice to cause all wash water, waste water, slops and human excreta to be drained from said buildings or premises into and through said sewer, shall forfeit and pay for each week's failure or neglect, not exceeding twenty dollars to be recovered in an action of debt for the use of the city."

The ordinance is penal. The payment of a material forfeit may be imposed for failure or neglect to comply with its requirements. Its provisions, therefore, are to be strictly construed, and in an action to recover a forfeiture under it full and definite proof

is required of all facts and proceedings necessary to show a case within its terms. See *Eveleth* v. *Gill,* 97 Maine, 315.

The writ is dated December 4, 1914. Among other essential allegations in the declaration it is alleged, that from the first day of October, 1914, to the date of the writ the waste water, slops and human excreta upon and incident to the use of the defendant's premises, situated contiguous to, and not connected with an adequate public sewer maintained by the plaintiff, were offensive to sight and smell and dangerous to life and health, that it was so adjudged by the board of health of Saco, and that on October 16, 1914, a notice in writing from said board of health was served upon the defendant notifying him that it had so adjudged and ordering him to connect said premises with said sewer within thirty days thereafter, and that he failed and neglected to do so and had not done so up to the date of the writ, a period of two weeks after the expiration of said thirty days.

Several objections to the maintenance of the action are interposed by the defendant, but in our view of the case only one of them need be considered.

It was incumbent upon the plaintiff to establish by competent proof that there was, in October, 1914, a board of health of Saco duly and legally constituted, whose alleged action, under the provisions of the ordinance relied upon, becomes a vital part of the plaintiff's case. The local board of health in each city and town in the State is "to be composed of three members appointed by the municipal officers." The members of the board first appointed are to serve for one, two, and three years respectively, and annually after the first appointment the municipal officers are required to appoint a member of such board to serve three years. R. S., c. 18, sec. 24.

The plaintiff claims that Charles W. Pillsbury, J. D. Cochrane, and Jesse D. Haley were the members of the board of health of Saco in October, 1914. It introduced the records of meetings "of the City Government" of Saco showing that in 1913, Charles W. Pillsbury was elected by ballot a member of the board of health for three years, that in 1914 J. D. Cochrane was elected a member of the board for three years, and that in 1915 Jesse D. Haley was elected a member of said board for three years. No other proof

on this point was offered. The defendant confidently contends that the proof made is not sufficient to show that either of those gentlemen was a legally constituted member of the board of health of Saco in October, 1914. But if it should be assumed that the proof sufficiently shows that Pillsbury and Cochrane were legal members of the board of health of Saco in October, 1914, still there is a total lack of proof that Haley was then a member of the board. Indeed, the proof introduced, if competent, only tends to show his election to the board in 1915. No proof was offered that he was a member of the board in October, 1914, by virtue of any previous appointment, and that fact cannot be inferred.

It is not contended, and could not be with reason, that the lack of proof that Haley was a member of the board would not defeat the action, if Pillsbury and Cochrane were legal members, since the ordinance provides that a "majority" of the board may act thereunder. The obvious answer to such a contention would be that if only two members of a board of health are legally appointed they cannot lawfully do acts authorized to be done by a majority of the board, for in such a case no official board of health exists of which they would be a majority.

It was an essential part of the plaintiff's case to establish by competent proof the fact that there was in October, 1914, a board of health of Saco composed of three members each duly and legally appointed and qualified as such member. It has failed to make proof of that fact, and accordingly the entry must be,

*Judgment for defendant.*