STATE of Maine

v.

MAINE CENTRAL RAILROAD.
(Two Cases)

Supreme Judicial Court of Maine.

Argued Sept. 9, 1986.
Decided Oct. 28, 1986.

David W. Crook, Dist. Atty., Pamela Ames (orally), Asst. Dist. Atty., Skowhegan, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Albert G. Ayre (orally), Charles D. Einsiedler, Portland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Maine Central Railroad Company (MCRR) appeals from three judgments of the Superior Court, Somerset and Kennebec County, each affirming judgments rendered by the District Court, Skowhegan and Waterville, determining that MCRR violated 12 M.R.S.A. § 9405 (1981) by failing to "cut and burn off or remove from its right-of-way all grass, brush or other inflammable material" on certain dates in 1984 and 1985.[1] As a consequence of this failure, the District Court imposed fines under 12 M.R.S.A. § 9701 (1981) ranging in severity from $500 to $1,000. Although we disagree with the statutory interpretation employed by the trial court to justify imposition of the fines, we affirm the judgments.

## I.

In each of the cases heard by the trial court, the state charged a violation of section 9405 on certain separate days in various locations in the state. Section 9405 sets forth the obligations a railroad must fulfill in maintaining its track within the State of Maine as follows:

> Every railroad company whose road passes through waste or forest land shall, *during each year,* cut and burn off or remove from its right-of-way all grass, brush or other inflammable material, under proper care and at times when fires are not liable to spread beyond control. No railroad employee shall build a fire to burn any material along the right-of-way through forest lands when forbidden to do so by the director. All burning shall be done in accordance with section 9323. (emphasis added)

Section 9701 describes the penalty for a violation of section 9405 as follows:

> Unless otherwise specifically stated, any person who violates any requirement of this Part, the condition or terms of any permit or license issued by the director or the provision of any rule or regulation of the bureau commits a civil violation for which a forfeiture not to exceed $1000 may be adjudged. Each day of a violation shall be considered a separate offense.

In each case the State at trial argued, and maintains on appeal, that the phrase "during each year" requires MCRR to clear its right-of-way once during the 365 days preceding the date of the charged violation. Furthermore, the State argues that section 9701 allows imposition of fines for each location and for each day that MCRR fails to keep its track clear. Thus, the state's proof at trial focused on MCRR's lack of removal activities during the 365 days preceding the alleged date of the violation.

MCRR argued at trial, and contends on appeal, that the phrase "during each year" means calendar year and therefore a railroad has until the last day of a calendar year to comply with the statute. MCRR also argues that § 9701 only permits one violation of section 9405 to be found each year for its entire system, thereby limiting the penalty to a maximum of $1000 per year. Thus, MCRR contends that the charges brought by the state were premature because calendar years 1984 and 1985 (the years in which the violations are alleged to have occurred) had not closed prior to the filing of the complaints.

The trial court accepted the State's interpretation of sections 9405 and 9701 and fined MCRR accordingly. MCRR appealed these determinations to the Superior Court under M.D.C.Civ.R. 80H(j). The Superior Court affirmed the judgments below but disagreed with the trial court's statutory

---

1. Each complaint was triggered by a fire along MCRR's right-of-way apparently caused by a passing MCRR train. The occurrence of a fire, however, is not an element of a section 9405 violation. The numerous fires along MCRR's right-of-way merely served to bring to the state's attention possible violations of section 9405.

interpretation. The Superior Court agreed with the MCRR that "during each year" means a single calendar year in that a railroad has until the close of a calendar year to comply with its statutory removal obligations. The court concluded, however, that because sufficient evidence was generated at trial to establish MCRR's failure to remove in the calendar years preceding the dates of the charged offenses, violations of section 9405 could be found in those years (1983 and 1984). The Superior Court concurred with the trial court that more than one violation may be found each year based on date and on location. Thus, the Superior Court affirmed the judgments and fines imposed by the District Court.

## II.

When the Superior Court acts as an intermediate appellate tribunal, as it did in these cases, we "review directly the decision of the District Court to determine whether that decision contained an error of law that affects the validity of the judgment." *Town of Ogunquit v. Brazer*, 489 A.2d 505, 506 (Me.1985). Accordingly, we do not give any weight to the determination made by the Superior Court on intermediate appellate review. *Dunning v. Dunning*, 495 A.2d 821, 823 n. 1 (Me.1985). We agree with the Superior Court, however, that the trial court's decision to impose fines, although based on a misinterpretation of sections 9405 and 9701, should be affirmed. "Where the trial court's ultimate conclusion is correct in law, it must be sustained on appeal, although its conclusion may have been reached by an incorrect process of legal reasoning." *Baybutt Const. Corp. v. Commercial Union Ins. Co.*, 455 A.2d 914, 917 (Me.1983). We disagree with MCRR's contention that the State must cross-appeal if it would argue any theory other than that adopted by the Superior Court.

2. P.L. 1891, c. 100, § 10.

3. Section 9405 permits burning and cutting activities only "at times when fires are not liable

## III.

■ The novel question in these cases requires us to interpret sections 9405 and 9701. We turn first to section 9405. This statute, never before the subject of judicial interpretation, was originally enacted in 1891.[2] Since 1891 the statutory language has changed only slightly. There is no record of legislative debate on the meaning to attribute to the phrase "during each year" either prior to the enactment of the original statute or during subsequent modifications. The MCRR urges, and we agree, however, that the plain and common-sense meaning of "during each year," is during each *calendar* year. To accept the State's interpretation of "during each year" to mean the 365 days preceding the date of the charged violation would stretch the statute beyond its common sense meaning. *See Brousseau v. Maine Employment Security Commission*, 470 A.2d 327, 330 (Me. 1984) ("[w]ords which are not expressly defined in the applicable statute must be accorded their plain and common meaning and should be construed according to their natural import.") Further, to interpret "during each year" to mean the 365 days preceding the date of the charged violation would not only impose an unrealistic administrative burden on MCRR, but would also render compliance unreasonably difficult because removal is virtually impossible under certain winter-like or wet climactic conditions and not permitted under certain other hot and dry conditions.[3] Thus, as we interpret the statute, MCRR has until the last day of each calendar year to comply with the statutory mandate to cut or remove inflammable material from its right-of-way "during each year."

■ To prove a violation of the statute the State must demonstrate that a railroad has failed to clear some portion of its right-of-way that lies within forest or waste land during a previous calendar year. It

to spread beyond control." 12 M.R.S.A. § 9405 (1981).

does not matter what portion of the right-of-way has not been cleared as long as some discrete area within forest or waste land is left uncut or unburned.

 Although the trial court may have misinterpreted section 9405, its imposition of fines was nevertheless proper. Upon examining the records below we determine that unobjected to evidence generated by the State demonstrates that MCRR failed to cut or remove inflammable material in either 1983 or 1984—the calendar years preceding the filing of the various complaints in these cases.

 MCRR contends that only one violation of section 9405 can be found in any one calendar year and that failure to keep its entire right-of-way clear within the state may be punished by no more than one $1000 fine. We reject this argument. Section 9701 clearly states that "[e]ach day of a violation shall be considered a separate offense." Because the records at trial establish that each violation of the statute did occur on separate days, the fines imposed for the discrete violations must be affirmed.

As we interpret sections 9405 and 9701, MCRR's removal obligations are not limited to or restricted by certain time periods during the calendar year. If it appears that the railroad failed to clear all of its right-of-way within forest or waste land during any calendar year, it may be fined up to a maximum of $1000 for each day during the next calendar year that it failed to remove the inflammable material. The State argues that each discrete area or geographic location may be the basis of a separate daily violation. We reject that contention also. Because section 9701 makes no reference to *location* of the violation, we determine that only one violation occurs per day even if disparate areas of track remain uncleared on any given day.

 MCRR argues that to find violations in these cases based on removal activity of previous years rather than on conduct in the year in which the complaints were brought is unfair because that is not the theory upon which either the State or MCRR based its litigation strategy, or the theory upon which the trial court rendered its decisions. It is apparent from the trial records, however, that MCRR's theory of defense was that only one violation of section 9405 could be found each year and only one fine imposed for that violation under section 9701. MCRR conceded at oral argument that no other or additional evidence is available concerning brush removal in 1983 or 1984. MCRR, therefore, is not prejudiced in any way by a decision in this case based on an interpretation of sections 9405 and 9701 different from that relied on by the parties at trial.

The entry is:

Judgments affirmed.

All concurring.