## TOWN OF HARTFORD

v.

## Joan BRYANT.

Supreme Judicial Court of Maine.

Argued June 22, 1994.

Decided Aug. 3, 1994.

Curtis Webber (orally), Linnell, Choate & Webber, Auburn, for plaintiff.

Stephen B. Wade (orally), Skelton, Taintor & Abbott, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

GLASSMAN, Justice.

Joan Bryant appeals from a judgment entered in the Superior Court (Oxford County, *Alexander, J.*) affirming a judgment of the District Court (South Paris, *Sheldon, J.*) in favor of the Town of Hartford on its Rule 80K complaint alleging that Bryant violated the Town's shoreland zoning ordinance. The Town of Hartford cross-appeals challenging the amount of attorney fees awarded to the Town. Because we agree with Bryant's contention, *inter alia,* that the evidence does not support a finding that she violated the ordinance, we vacate the judgment and do not address the remaining contentions of the parties.

The record reflects that in 1989 Bryant acquired a lot on Bear Pond in Hartford and, after receiving the necessary permits, undertook to replace the small cottage on the property with a more substantial home. The property lies within the shoreland zone pursuant to the Town's 1974 shoreland zoning ordinance, which was rewritten effective March 20, 1990. In May of 1990, Bryant spread loam and grass seed across an area of the property that had not revegetated following the earlier construction at the site. Following a hurricane that swept through Maine in September of 1991, Bryant sought to clean up storm damage at the site and also cut and removed some trees.

While this work was taking place, the Town's code enforcement officer (CEO) visited the premises and several times thereafter had contact with Bryant, resulting in the CEO's ultimate conclusion that Bryant had violated the Town's shoreland zoning ordinance by cutting trees of less than four inches in diameter. The Town demanded that Bryant sign a consent agreement providing for a $500 civil penalty and requiring her to plant trees at the site. Although Bryant agreed to plant the trees, she refused to pay the $500 penalty. In January 1992,

the Town filed a complaint against Bryant pursuant to M.R.Civ.P. 80K, alleging violation of both the 1974 and 1990 versions of the ordinance. The complaint, *inter alia,* alleged that

> [i]n 1989, [Bryant] replaced old cabin with larger summer residence and cut a number of trees in the area without revegetating in violation of town ordinances. In September, 1991, she cleared the surrounding area of brush and saplings less than 4 inches in diameter.

The Town sought preliminary and permanent injunctive relief, civil penalties and costs including attorney fees.

After extended and somewhat confusing proceedings resulting in a series of amendments to the court's original order, the court found no violation of the 1974 ordinance but, as alleged in the Town's complaint, found that Bryant had violated the 1990 zoning ordinance by cutting trees less than four inches in diameter and by clearing brush and replacing it with grass. The court, *inter alia,* directed Bryant to plant eight hemlock trees at specified locations on her property and to eschew fertilizing her lawn with any fertilizers containing phosphorous. The court imposed a civil penalty on Bryant in the amount of $200. The court refused, as it consistently had in the original order and its amendments to that order, to order Bryant to pay the Town's attorney fees. Bryant satisfied the court's order regarding the planting of trees but appealed the imposition of the $200 penalty. The Superior Court affirmed the decision of the District Court and awarded the Town attorney fees in the amount of $4,000. This appeal and cross-appeal followed.

 When the Superior Court acts as an *intermediate appellate tribunal,* we review directly the record before the District Court for clear error in its findings of fact or application of the law. *Richardson v. Richardson,* 644 A.2d 472, 473 (Me.1994). Bryant contends that the trial court erred in its determination that she violated the 1990 ordinance. We agree. Interpretation of the provisions of a zoning ordinance is a question of law for the court. *Mayberry v. Town of Old Orchard Beach,* 599 A.2d 1153, 1154 (Me. 1991). When a municipality seeks to impose penalties for violation of a zoning ordinance, we will strictly construe the provisions of the ordinance. *Town of Ogunquit v. Brazer,* 489 A.2d 505, 507 (Me.1985).

Our review of this record confirms that the only evidence of replacement of natural vegetation was Bryant's testimony that in May 1990 she spread loam and grass seed in a portion of the eroding area of her property where other natural vegetation and brush had been removed during the 1989 construction of the new summer residence. Although the removal of brush is a violation of the 1990 ordinance, the planting of grass is not. There is no evidence in this record that brush was removed from the Bryant property after March 20, 1990, the effective date of the ordinance.

Bryant conceded that she had cut trees of less than four inches in diameter after the effective date of the 1990 ordinance. She argues, however, that the ordinance permits some cutting of such trees as long as the landowner maintains a "well distributed stand" of existing vegetation that includes some trees of less than four inches in diameter. We agree. Section 15(P)(2) of the 1990 ordinance bans the removal of vegetation less than three feet in height but permits a landowner to prune or thin vegetation less than four inches in diameter provided that "a well distributed stand of other natural vegetation, including trees under four (4) inches diameter" is maintained. Here, the Town neither alleged nor was any evidence presented that Bryant failed to maintain a well-distributed stand of trees less than four inches in diameter on the subject property.

Because we conclude that the trial court erred in finding that Bryant had violated the 1990 shoreland zoning ordinance as charged in the Town's complaint, we need not address the other issues raised by this appeal.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the District Court for entry of judgment in favor of the defendant.

All concurring.