**Leo J. SQUIRE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted March 31, 2000.
Decided Feb. 16, 2001.
Reargument En Banc Denied
April 30, 2001.

Shawn M. Stevenson, Pittsburgh, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

Before SMITH, Judge, LEADBETTER, Judge, and NARICK, Senior Judge.

LEADBETTER, Judge.

Leo J. Squire appeals from the one-year suspension of his operating privileges stemming from a New York conviction for driving while ability impaired (DWAI). We affirm.

On February 12, 1999, Squire was convicted in Erie County, New York of violating New York Vehicle and Traffic Law § 1192(1), part of New York's DUI statute that prohibits driving while ability impaired.[1] On March 15, 1999, New York's licensing authority reported the conviction to Pennsylvania's Department of Transportation (Department) pursuant to Article III of the Driver License Compact, 75 Pa.C.S. § 1581. As a party to the Compact, Pennsylvania treated Squire's New York conviction as a violation of Pennsylvania's DUI statute and suspended his operating privileges for one year.[2] Squire appealed the suspension to the Court of Common Pleas of Beaver County, which affirmed the action of the Department.

■ On appeal to this court, Squire first argues that New York's DWAI statute is

---

1. The New York statute states in relevant part:
§ 1192. **Operating a motor vehicle while under the influence of alcohol or drugs.** 1. Driving while ability impaired. No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol.

N.Y. Veh. & Traf. Law § 1192(1).

2. Article IV of the Compact requires the home state, for purposes of license suspensions or revocations, to give the same effect to the conduct reported under Article III that would be given if the conduct had occurred in the home state. 75 Pa.C.S. § 1581.

not "substantially similar" to an offense described in Article IV(a) and to Pennsylvania's DUI statute, as required by the Compact. In support of this argument, appellant relies primarily upon *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999). In that case, the Pennsylvania Supreme Court held that New York's DWAI statute was *not* substantially similar to Article IV(a)(2) of the Compact, because the degree of impairment required to support a conviction under the two statutes was different. Specifically, under New York Vehicle and Traffic Law § 1192(1), a conviction may rest on mere "impairment," which is defined in New York as "whether, by voluntarily consuming alcohol, this particular defendant actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver." *Petrovick,* 559 Pa. at 623, 741 A.2d at 1268, [quoting *People v. Cruz,* 48 N.Y.2d 419, 427, 423 N.Y.S.2d 625, 399 N.E.2d 513, 516 (N.Y.1979) ]. As a conviction under § 1192(1) did not prove that the driver had "driven under the influence to a degree that he was incapable of driving safely," the court held that "DOT could not suspend his license under Article IV(a)(2)." *Id.,* 559 Pa. at 623, 741 A.2d at 1268.

On December 21, 1998, however, the state legislature enacted an amendment to § 1586 of the Compact. The section now reads:

§ 1586. Duties of department

The department shall, for purposes of imposing a suspension or revocation under Article IV of the compact, treat reports of convictions received from party states that relate to driving, operating or being in actual physical control of a vehicle while *impaired by* or under the influence of alcohol ... as being substantially similar to section 3731 (related to driving under the influence of alcohol or controlled substance). *The fact that the offense reported to the department by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of section 3731 shall not be a basis for determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact.*

75 Pa.C.S. § 1586 (emphasis added). The *Petrovick* court did not apply the amended statute because it was enacted after the case was heard, and was not merely a procedural change entitled to retroactive application. "Because the General Assembly did not provide for retroactive application of section 1586, and because retroactive application of this amendment would likely affect the **substantive rights of [licensees]**, we cannot base our decision on this provision." *Petrovick,* 559 Pa. at 625, 741 A.2d at 1269 (emphasis added).[3] Were there any question that the statutory amendment had the effect of mandating that the New York offense of driving while ability impaired was to be treated as substantially similar to both Pennsylvania's DUI offense and the DUI offense enumerated in Article IV(a)(2), *Petrovick's* retro-

---

**3.** *Petrovick* also observes that the correct analysis under the Compact is to determine whether Pennsylvania's statute and the out of state statute are substantially similar to the language in Article IV(a)(2) of the Compact, not, as § 1586 assumes, whether the out of state statute is substantially similar to Pennsylvania's DUI statute, 75 Pa.C.S. § 3731. As the *Petrovick* court concluded that § 3731 and Article IV of the Compact are substantially similar, the language of § 1586 does not affect our analysis. *See Petrovick v. Department of Transp., Bureau of Driver Licensing,* 559 Pa. 614, 621–22, 741 A.2d 1264, 1268 (1999).

activity analysis eliminated such doubt. *Petrovick* dealt with the same New York statute at issue here. If, in fact, the statutes remained substantially dissimilar for purposes of the compact, the amendment would not—as *Petrovick* suggested—have affected the licensees' substantive rights.

Squire next argues that the amendment is unconstitutional, as it "creates an absurd and irrational result leading to conflict between statutes and violates a defendant's due process rights." Appellant's Brief at 10. The amendment, however, does not create a conflict between the statutes, but merely expands the range of statutes that should be considered substantially similar to Article IV(a)(2) and 75 Pa.C.S. § 3731(a) by allowing any level of impairment to be found substantially similar to any other level, as long as the driver is impaired to a degree that is deemed illegal by the convicting state. It is certainly not "absurd" or "irrational" to recognize that different states will allow for different levels of impairment, and that Pennsylvania's Department of Transportation should defer to the level of impairment found by New York's legislature to be unacceptable for driving on New York's roads.

■ Rather than contradicting other sections of the Compact, the amendment, in fact, better implements the policy of the Compact as set forth here:

(1) Promote compliance with the laws, ordinances and administrative rules and regulations relating to the operation of motor vehicles. . . .

(2) Make reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the overall compliance with motor vehicle laws . . . as a condition precedent to the continuance or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states.

75 Pa.C.S. § 1581, Article I(b). Thus, while we recognize that Article IV still mandates a greater level of impairment than New York's DWAI statute, we find that the dissimilarity is not sufficiently substantial to preclude Pennsylvania from suspending Squire's license under the Compact, as amended.

■ Appellant next argues that there was insufficient evidence provided from New York pursuant to Article III of the Compact to trigger a suspension of appellant's operating privileges,[4] as the New York report fails to include the statutory section violated and does not explain how the conviction occurred.[5] In the recent decision of *Commonwealth of Pennsylvania, Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000), a Pennsylvania licensee was convicted of DUI in New Jersey. The Department received a report of conviction from New Jersey which failed to identify the court in which the action was taken, the plea entered and whether the conviction was the result of forfeiture of bail, bond or other security. On appeal, our Supreme Court held that Article III does

4. This provision directs that the report of the out-of-state conviction shall include four elements, including the statutory section violated and whether the conviction resulted from a plea or the forfeiture of security. 75 Pa.C.S. § 1581.

5. Squire also points out that his last name is obscured on the photocopy of the report sent from New York which was included in this

record. He then observes, "One must assume that the individual convicted of the offense is Leo J. Squire based on the presence of his first name and middle initial in conjunction with the other information," such as his address and date of birth. Appellant's Brief at 13. However, Squire does not seriously dispute that he is in fact the "Leo J." mentioned in the report.

not impose limitations on the Department's authority to suspend the driving privileges of a Pennsylvania licensee for conduct in violation of the Compact. The Court characterized the Department's duty under Article III as one imposed upon the "party state reporting a conviction within its jurisdiction." 563 Pa. at 163, 758 A.2d at 1164.

> Article III ... imposes an obligation on PennDOT only when it is the state reporting the conduct, not when it is the home state. It does not prohibit Penn-DOT ... from relying on the information contained in the report even if the report lacks certain information specified in Article III. Nor does anything in Article III render the [out-of-state] report of conviction inadmissible if defective.

563 Pa. at 163–64, 758 A.2d at 1164–65. The Court went on to characterize such defects as "technical" and "immaterial," failing to invalidate the Department's suspension of appellee's license. 563 Pa. at 164, 758 A.2d at 1165.[6]

Accordingly, the order of the Court of Common Pleas of Beaver County is affirmed.[7]

## ORDER

AND NOW, this 16th day of February, 2001, the order of the Court of Common Pleas of Beaver County in the above-captioned matter hereby is AFFIRMED.

**6.** In this regard, it should be noted that Squire's claim of inadequacy relates only to the *reporting requirements of Article III.* Nowhere does he suggest that the Department failed at the suspension hearing to introduce sufficient evidence of his New York conviction to satisfy the requirements of the Compact. Indeed, in making his argument regarding substantial similarity, counsel conceded that Squire was convicted of New York's driving while ability impaired statute.

SMITH, Judge, Dissenting.

I respectfully dissent from the majority's conclusion that the Department of Transportation (Department) may suspend Leo J. Squire's license pursuant to Article IV of the Driver's License Compact (Compact), 75 Pa.C.S. § 1581, Art. IV, based upon an out-of-state conviction that does not require a level of impairment which is substantially similar in nature to that required by Article IV(a)(2). The majority recognizes that Article IV still mandates a greater level of impairment than the New York driving while ability impaired (DWAI) statute, N.Y. Veh. & Traf. Law § 1192(1). The Pennsylvania Supreme Court expressly held in *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999), that the New York DWAI statute is not of a substantially similar nature to Article IV(a)(2).

The majority nevertheless concludes that the Department may suspend Squire's license under the Compact because of the enactment of Section 1586 of the Vehicle Code, 75 Pa.C.S. § 1586. The majority appears to conclude that Section 1586 has amended the Compact in Pennsylvania such that an out-of-state driving under the influence (DUI) statute need require only that the driver's ability to operate a motor vehicle be impaired to any degree in order to provide a basis for reciprocal suspension

**7.** In 1998 the General Assembly also amended § 1584 of the Compact by adding a sentence which states, "The omission from any report received by the department from a party state of any information required by Article III of the compact shall not excuse or prevent the department from complying with its duties under Article IV and V of the compact." 75 Pa.C.S. § 1584. Since *McCafferty* was decided under pre-amendment law, we need not address the applicability of the more liberal standard to the present case.

for purposes of Article IV of the Compact. I cannot agree that Section 1586 has wrought such a sweeping change.

The relevant language of Section 1586 provides merely that a difference in the degree of impairment between the out-of-state DUI statute and the Pennsylvania DUI statute, 75 Pa.C.S. § 3731, may not provide a basis for determining that the out-of-state DUI statute is not substantially similar for purposes of analysis under Article IV of the Compact. Nothing in Section 1586 eliminates the Compact's requirement that the language of the out-of-state DUI statute be substantially similar in nature to Article IV(a)(2) of the Compact. Thus, among other things, the language of the statute must have an effect substantially similar to a requirement that the driver be impaired to a degree which renders the driver incapable of safely driving a motor vehicle. The New York DWAI statute does not require such a degree of impairment, and therefore it cannot provide a basis for reciprocal suspension for purposes of Article IV of the Compact. *Petrovick.* Accordingly, I dissent.