**Stephen Arthur HORVATH, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 22, 2000.

Decided April 4, 2001.

Reargument Denied June 12, 2001.

Richard J. Joyce, Pittsburgh, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before PELLEGRINI, Judge, FLAHERTY, Judge and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Stephen Arthur Horvath appeals from the June 29, 2000 order of the Court of Common Pleas of Allegheny County (trial court) that denied Horvath's statutory appeal from a one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (DOT). This suspension was imposed pursuant to Sections 1532(b) of the Vehicle Code, 75 Pa.C.S. § 1532(b) and Article IV(a)(2) of the Driver's License Compact of 1961 (Compact), 75 Pa.C.S. § 1581, Article IV(a)(2) (suspension of Pennsylvania operating privilege following a conviction for driving under the influence of alcohol or "substantially similar" offense in a state which is a party to the Compact).

Horvath contends: (1) that his New York conviction for driving while ability impaired (DWAI) is not substantially similar to the conduct described in Article IV(a)(2) of the Compact; (2) that the 1998

legislative enactments embodied in Sections 1584 and 1586 of the Vehicle Code, 75 Pa.C.S. §§ 1584 and 1586, are illegal unilateral amendments to the Compact; (3) that Sections 1584 and 1586 violate the Fifth and Fourteenth Amendments to the United States Constitution, as well as the corresponding provisions of the Pennsylvania Constitution; and (4) that the trial court's decision was not supported by competent evidence. For the reasons that follow, we affirm.

On October 9, 1999, Horvath was arrested in New York and charged with DWAI.[1] On January 9, 2000, Horvath was convicted of DWAI in a New York criminal court. New York is a party state to the Compact. Pursuant to its obligation under Article III of the Compact, New York's licensing authority reported Horvath's DWAI conviction to DOT.

Pursuant to Section 1586 of the Vehicle Code,[2] the Bureau found Horvath's DWAI conviction to be substantially similar to the conduct described in Article IV(a)(2) of the Compact,[3] which thus required that DOT

---

**1.** N.Y. Veh. & Traffic Law § 1192(1). New York's DWAI law provides: "Driving while ability impaired. No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol."

**2.** 75 Pa.C.S. § 1586. This Section provides:

The department shall, for purposes of imposing a suspension or revocation under Article IV of the compact, treat reports of convictions received from party states that relate to driving, operating or being in actual physical control of a vehicle while *impaired by* or under the influence of alcohol, intoxicating liquor, drugs, narcotics, controlled substances or other impairing or intoxicating substance as being substantially similar to section 3731 (relating to driving under the influence of alcohol or controlled substance). *The fact that the offense reported to the department by a party state may require a different degree of impairment of a person's ability to operate,*

*drive or control a vehicle than that required to support a conviction for a violation of section 3731 shall not be a basis for determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact.* (Emphasis added.)

**3.** 75 Pa.C.S. § 1581, Article IV(a)(2). This Section provides:

(a) The licensing authority in the home state, for purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

. . . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle. . . .

treat Horvath's conviction as if it were a conviction for violating Section 3731(a) of the Vehicle Code.[4]

On February 17, 2000, DOT notified Horvath that as required by the Compact, his New York DWAI conviction was being treated as a Section 3731 conviction and that, therefore, pursuant to Section 1532(b)(3) of the Vehicle Code,[5] Horvath's operating privilege was being suspended for one year. Horvath filed a timely statutory appeal of his suspension to the trial court.

On June 29, 2000, the trial court held a *de novo* hearing at which DOT admitted into evidence a packet of documents duly certified, as statutorily required, by both DOT's Secretary and the Director of the Bureau. Included in those documents was a certified copy of Horvath's DWAI conviction, which had been received by DOT from New York.

Horvath objected to the admission of the New York conviction report on the ground that it did not comply with the reporting requirements, of Article III of the Compact.[6] In response, DOT cited the amended version of Section 1584 of the Vehicle Code, 75 Pa.C.S. § 1584, to support its position that it may rely upon the New York conviction report. DOT then rested.

■ Horvath did not testify or present any evidence on his behalf. Rather, Horvath relied upon *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999), where the Supreme Court ruled that New York's DWAI law was not substantially similar to Pennsylvania's driving under the influence (DUI) law found in Section 3731 of the Vehicle Code and therefore, did not provide a basis for a reciprocal suspension under Article IV of the Compact.[7] In the present case, however, the trial court, finding newly enacted Section 1586 of the Vehicle Code to be applicable, accepted DOT's argument that New York's DWAI law was *substantially similar* to Pennsylvania's DUI law. Consequently, the trial

---

**4.** 75 Pa.C.S. § 3731(a). This section, commonly known as Pennsylvania's "DUI" statute, provides in pertinent part: "A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

. . . .

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater . . . ."

**5.** 75 Pa.C.S. § 1532(b)(3). This Section provides in pertinent part: "The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under the influence of alcohol or controlled substance) . . . or substantially similar offenses reported to the department under Article III of section 1581 (relating to Driver's License Compact) . . . ."

**6.** 75 Pa.C.S. § 1581, Article III. This Section provides in pertinent part:

Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which the action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was the result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

**7.** In *Petrovick,* the Court recognized that on December 21, 1998, Section 1586 was added to the Compact. As noted above, Section 1586 provides that convictions from other states may be treated as being substantially similar to Section 3731 even though a different degree of impairment may be required. In *Petrovick,* the Supreme Court recognized that Section 1586 did not apply retroactively and thus did not determine if it would have altered the outcome of that case.

court denied Horvath's statutory appeal. Horvath's timely appeal to this Court followed.[8]

■ Horvath's first argument is that a New York conviction for DWAI is not "of a substantially similar nature" to the conduct described in Section 1581, Article IV(a)(2). Horvath claims that the Supreme Court in *Petrovick* held that a New York conviction for DWAI is not a conviction for an offense which is "of a substantially similar nature" to the Article IV(a)(2) offense described as: "driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle" and is therefore dispositive of this issue. Horvath further claims that the addition of Section 1586 of the Vehicle Code has no effect in this case because the New York DWAI statute, which prohibits any impairment at all, is still dissimilar to the conduct described in Article IV(a)(2) of the Compact, which only prohibits impairment that would render a driver incapable of safe driving.

These precise issues were recently addressed by this Court in *Squire v. Department of Transportation, Bureau of Driver Licensing*, 769 A.2d 1224 (Pa.Cmwlth. 2001). In *Squire*, this Court rejected an argument similar to that presented by Horvath in the present case, noting that the Supreme Court in *Petrovick* did not apply Section 1586 because it was enacted after the case was heard and was a substantive rather than procedural change.

In *Petrovick*, the Supreme Court stated: "Because the General Assembly did not provide for retroactive application of section 1586, and because retroactive application of this amendment would likely affect the substantive rights of [driver licensees], we cannot base our decision on this provision." 559 Pa. at 625, 741 A.2d at 1269. In view of this language, we stated in *Squire*:

> Were there any question that the statutory amendment had the effect of mandating that the New York offense of driving while ability impaired was to be treated as substantially similar to both Pennsylvania's DUI offense and the DUI offense enumerated in Article IV(a)(2), *Petrovick*'s retroactivity analysis eliminated such doubt. *Petrovick* dealt with the same New York statute at issue here. If, in fact, the statutes remained substantially dissimilar for purposes of the compact, the amendment would not—as *Petrovick* suggested—have affected the licensee's substantive rights.

Op. at 1226–1227.

Consequently, in *Squire* we concluded that in view of the recent enactment of Section 1586, New York's DWAI statute must be considered "substantially similar" to the offense enumerated in Article IV(a)(2) of the Compact. Accordingly, in the case *sub judice*, we must reject Horvath's contention to the contrary.

Horvath's second argument is that the recent amendment to Section 1584 of the Vehicle Code, 75 Pa.C.S. § 1584,[9] and the

---

8. In a license suspension appeal, an appellate court's review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 558 Pa. 439, 737 A.2d 1203 (1999).

9. This Section provides:

The Department of Transportation of the Commonwealth shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of Articles III, IV and V of the compact. *The omission from any report received by the department*

enactment of Section 1586 of the Vehicle Code, 75 Pa.C.S. § 1586, are unlawful unilateral changes to the Compact. To support his position, Horvath cites *Aveline v. Pennsylvania Board of Probation and Parole,* 729 A.2d 1254 (Pa.Cmwlth.1999), where this Court stated that interstate compacts are to be considered contracts between states and must be interpreted as such. In *Aveline,* this Court noted that a state may not "unilaterally nullify, revoke or amend one of its compacts if the compact does not so provide." *Id.* at 1257 n. 10.

■ Turning first to Section 1584, this Court agrees with DOT that the 1998 amendment to Section 1584 did not alter any provision of the Compact, which is contained in Articles I—IX of Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581. Rather, Section 1584 merely authorized DOT, acting in its capacity as the licensing authority in the driver's home state, as opposed to the convicting state, to comply with its administrative duties under Articles IV and V of the Compact even if an out-of-state conviction report omitted some pieces of information specified in Article III of the Compact.[10]

Horvath also cites *Mazurek v. Department of Transportation, Bureau of Driver Licensing,* 717 A.2d 23 (Pa.Cmwlth.1998), *rev'd,* 563 Pa. 343, 760 A.2d 848 (2000), where this Court interpreted Article III as requiring that an out-of-state conviction report must contain all the information listed in Article III. However, our decision in *Mazurek* was reversed based on the

Supreme Court's decision in *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000).

In rejecting the argument that the out-of-state conviction report failed to comply with the requirements of Article III, the Supreme Court reasoned that if the information that was not included "would not have provided any additional information regarding the actual conduct underlying the conviction[,]" its omission should not preclude DOT from complying with its obligations under Articles IV and V of the Compact. *Id.* at 162–163, 758 A.2d at 1164. Specifically, the *McCafferty* Court stated:

> None of this information would have shed any light on the *conduct* underlying appellee's conviction; it is the *conduct* underlying the conviction that triggers PennDOT's duties under the Compact.
>
> Finally, Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore imposes an obligation on PennDOT only when it is the state reporting the conduct, not when it is the home state. It does not prohibit PennDOT, as the licensing authority in the *home state,* from relying on the information contained in the report even if the report lacks certain information specified in Article III.

*Id.* at 161–164, 758 A.2d at 1164–1165 (footnote omitted).

---

from a party state of any information required by Article III of the compact shall not excuse or prevent the department from complying with its duties under Articles III and V of the compact. (Emphasis added to second sentence, which was added by the 1998 amendment.)

**10.** As noted above, Article III provides that each out-of-state conviction report shall clearly identify the person convicted, describe the

violation specifying the section of the statute, code or ordinance violated, identify the court in which the action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was the result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

As recognized by the Supreme Court in *McCafferty*, Article III of the Compact does not prohibit DOT, as the licensing authority in the licensee's home state, from relying on an out-of-state conviction report merely because some non-essential information has been omitted. As the *McCafferty* Court further noted, the 1998 amendment to Section 1584 mirrors the Court's interpretation of Article III.[11] As a result we conclude that the amendment to Section 1584 does not constitute a unilateral change to the Compact. Rather, it instructs DOT, as the licensing authority in the licensee's home state, to comply with its duties under the Compact even if some non-essential information has been omitted. *McCafferty.*

■ This Court also rejects Horvath's contention that the enactment of Section 1586 constitutes an unlawful unilateral change to the Compact. In *Eck v. Department of Transportation, Bureau of Driver Licensing,* 713 A.2d 744 (Pa.Cmwlth.1998), *aff'd sub nom., Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999), this Court recognized that Article IV(c) of the Compact, 75 Pa.C.S. § 1581, Article IV(c), provides that the laws of a party state shall determine what offenses are to be considered as "substantially similar" to the conduct described in Article IV(a) of the Compact. *See* 713 A.2d at 746 ("subsection (c) directs that the laws of the party state shall contain such provisions as necessary to ensure that the Compact is given full force and effect").

Consequently, when it enacted Section 1586, the General Assembly merely exercised the power expressly granted to it by Article IV(c) of the Compact to define offenses "substantially similar" to the conduct described in Article IV(a) of the Compact. Therefore, Section 1586 does not constitute an unlawful unilateral amendment to the Compact. *Eck.*

■ Horvath's third argument is that both Sections 1584 and 1586 violate his right to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution, as well as the Pennsylvania Constitution. Turning first to Section 1584, Horvath contends that the amendment to that statute completely undermines DOT's obligation to obtain sufficient Article III information to determine licensee's conduct in the reporting state and how that conduct would be treated in Pennsylvania. By being denied this information guaranteed by Article III, Horvath claims that his due process rights have been violated.

This Court disagrees. In *McCafferty*, the Supreme Court recognized that the mandatory reporting requirements of Article III of the Compact apply only to the furnishing of conviction information by the *convicting* state to other states. *See* 563 Pa. at 164 n. 14, 758 A.2d at 1165 n. 14. Because the mandatory reporting requirements of Article III do not apply to DOT, as the licensing authority in the licensee's home state, Section 1584 does not infringe on any due process rights provided by Article III. *McCafferty.*

■ Horvath next contends that Section 1586 violated the Equal Protection Clause of the Fourteenth Amendment by creating a separate legal standard for Commonwealth-licensed drivers who drive out-of-state, *i.e., impairment to any degree* under New York's DWAI statute. Horvath contends that DOT is not authorized under

---

**11.** As DOT notes, the General Assembly amended Section 1584 in response to our decision in *Mazurek.*

any section of the Vehicle Code to suspend anyone for such an offense.

However, the Supreme Court in *McCafferty* recognized that "the Compact does not create *any* suspect classifications, either facially or through its enforcement, that would implicate the Equal Protection Clause." *Id.* at 158, 758 A.2d at 1162. Like the Compact, Section 1586 does not single out any group of Pennsylvania drivers but rather applies to all licensees who violate another state's laws prohibiting the operation of a vehicle while impaired or under the influence of alcohol. Hence, we reject Horvath's claim that Section 1586 violates the Equal Protection Clause. *McCafferty.*

■ Horvath's fourth argument is that the trial court's decision is not supported by substantial evidence. Horvath claims that the one-page document from the New York Department of Motor Vehicles is insufficient to establish his conduct in New York.

We disagree. The document indicates that on January 3, 2000 Horvath was convicted in New York of "driving while impaired" in that state on October 9, 1999. *See* N.T., Commonwealth's Exhibit No. 2, January 11, 2000, Report of New York Department of Motor Vehicles; R.R. 52a.

Furthermore, Horvath concedes in his brief that on January 3, 2000, he was convicted in New York on the DWAI charge. *See* Horvath's Brief, p. 5. Horvath does not allege that his conduct did not warrant such a charge or that he was wrongfully convicted of that offense. Hence, we do not believe that DOT erred in taking action to suspend Horvath's Pennsylvania license in accordance with Article IV(a)(2) of the Compact. *McCafferty.*

In view of the foregoing, the order of the trial court is affirmed.

***ORDER***

AND NOW, this 4th day of April, 2001, the June 29, 2000 order of the Court of Common Pleas of Allegheny County is hereby affirmed.