**James Roy STIVER, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 27, 2001.

Decided Aug. 28, 2001.

Dennis Luttenauer, Kane, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before COLINS, Judge, McGINLEY, Judge, and RODGERS, Senior Judge.

COLINS, Judge.

James Roy Stiver (Stiver) appeals from the order of the Court of Common Pleas of McKean County (trial court) that dismissed his appeal from a one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department). We affirm.

On August 9, 1999, Stiver was convicted in New York of driving on July 31, 1999, while ability impaired (DWAI), in violation of Section 1192(1) of the New York Vehicle and Traffic Law.[1] By notice dated October 13, 1999, the Department notified Stiver that his Pennsylvania driving privilege would be suspended for one year based on his August 9, 1999 New York conviction, pursuant to the Drivers License Compact of 1961 (Compact), 75 Pa.C.S. § 1581, Article IV(a)(2) (suspension of Pennsylvania operating privilege following a conviction for driving under the influence of alcohol or "substantially similar" offense in a state which is a party to the Compact).[2] The Department's notice stated that the New York conviction is equivalent to a conviction under 75 Pa.C.S. § 3731 for Driving Under the Influence (DUI).[3]

■ Stiver appealed to the trial court, which held a *de novo* hearing on March 27, 2000. At the hearing, the Department presented certified records of Stiver's New York conviction, while Stiver did not present any evidence. The trial court sustained the suspension of Stiver's license, which decision is the subject of the present appeal.[4]

---

1. N.Y. Veh. & Traffic Law § 1192(1) states:
   Driving while ability impaired. No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol.

2. 75 Pa.C.S. § 1581, Article IV(a)(2), provides, in pertinent part:
   (a) The licensing authority in the home state, for purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:
   ....
   (2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle....

3. 75 Pa.C.S. § 3731(a). This section, commonly known as Pennsylvania's DUI statute, provides in pertinent part:
   A person shall not drive, operate or be in actual physical control of the movement of any vehicle in any of the following circumstances:
   (1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.
   ....
   (4) While the amount of alcohol by weight in the blood of:
   (i) an adult is 0.10% or greater....

4. In a license suspension appeal, an appellate court's review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 558 Pa. 439, 737 A.2d 1203 (1999).

On appeal, Stiver first argues that even if, *arguendo,* Section 1586 of the Vehicle Code is found to be applicable to his case, the trial court erred in failing to find the evidence relied upon by the Department insufficient to sustain its evidentiary burden. In this regard, Stiver maintains that the report of the New York conviction states only "Driving While Impaired," and does not specify the statutory section violated or expressly designate Stiver's conviction as being alcohol-related. Stiver additionally argues that the notice does not indicate whether a plea of guilty or not guilty was entered or whether the conviction was the result of forfeiture of bail, bond or other security. Secondly, Stiver contends that the trial court erred in failing to construe Section 1586 of the Vehicle Code in *pari materia* with Section 1532(b) and Article IV(a)(2) of the Compact, so as to require the party state's conviction to result from licensee being impaired to a degree that rendered him incapable of driving safely pursuant to Pennsylvania law. It is Stiver's position that interpreting Section 1586 to allow suspension of a license for conduct that would not be considered an offense in Pennsylvania, does not bear a fair and substantial relationship to the legislative intent of the Compact, thereby contravening the licensee's equal protection guarantees. Finally, Stiver argues that considering a New York conviction for driving while ability impaired as evidence of conduct which is substantially similar to conduct prohibited by Article IV(a)(2) of the Compact and by 75 Pa.C.S. § 3731, creates a conclusive presumption in contravention of both state and federal due process safeguards to which a licensee is entitled.

We find no merit in Stiver's arguments. First with regard to Stiver's *contention* that the information on the New York report was insufficient to sustain his license suspension pursuant to the requirements of Article III of the Compact, the amendment to Section 1584 provides that "[t]he omission from any report received by [the Department] from a [Compact] party of any information required by Article III of the compact shall not excuse or prevent [the Department] from complying with its duties under Article IV and V of the compact." The Supreme Court, in *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000), considered what information is required for Department compliance with Article III of the Compact and stated,

> Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore imposes an obligation on [the Department] only when it is the state reporting the conduct, not when it is the home state. It does not prohibit [the Department], as the licensing authority in the home state, from relying on the information contained in the report even if the report lacks certain information specified in Article III. ....[W]e fail to see how the technical, immaterial defects in the report here rendered [the Department's] suspension of the appellee's license erroneous.

563 Pa. at 163–64, 758 A.2d at 1164–65 (footnote and emphasis omitted). Unarguably, the Commonwealth may rely on out-of-state conviction reports that do not strictly adhere to Article III of the Compact, as long as the conduct of the licensee is evident and the report contains sufficient information to form the basis of the Department's actions.

In the present matter, we reject Stiver's arguments that the New York conviction report provided to the Department was deficient so as to deprive him of his due process rights. The record indicates that the New York report contained Stiver's

name, date of birth, gender, address, date of New York violation, title of the violation, date of conviction, court of conviction, and ticket number. Applying the Court's rationale in *McCafferty*, although the report did not provide the complete New York statutory citation for Stiver's violation, said omission did not deprive him of the constitutional right to due process because the title of the violation provided sufficient notice and a meaningful opportunity to be heard. Additionally, the Supreme Court has reasoned that as long as the missing information would not provide additional information regarding the conduct underlying the conviction, or change the fact that the licensee was convicted of DWAI, omission of such information does not preclude the Department from suspending the licensee's driving privilege in reliance upon the out-of-state conviction report. *Crooks v. Department of Transportation, Bureau of Driver Licensing,* 564 Pa. 436, 768 A.2d 1106 (2001).

■ As to Stiver's arguments regarding alleged differences in levels of impairment between the foreign statute and the Vehicle Code, this Court in *Crytzer v. Department of Transportation, Bureau of Driver Licensing,* 770 A.2d 820, 823 (Pa.Cmwlth. 2001), stated:

> The Supreme Court ... clarified the appropriate analysis in Petrovick and established a two-pronged analysis: first, the Pennsylvania statute must be evaluated to determine whether the offense in question is of a substantially similar nature to Article IV(a)(2) of the Compact; second, the out-of-state statute is evaluated to determine if it too is of a substantially similar nature to Article IV(a)(2). The Supreme Court held in Petrovick that the Pennsylvania DUI statute is substantially similar to Article IV(a)(2), satisfying the first prong of the test.[4]

[4] As the language of the Pennsylvania DUI statute is nearly identical to the language of Article IV(a)(2), an out-of-state statute which is substantially similar in nature to Article IV(a)(2) may also be considered substantially similar in nature to the Pennsylvania DUI statute; however, the proper inquiry is the two-pronged analysis outlined by the Supreme Court. *Petrovick [v. Department of Transportation, Bureau of Driver Licensing],* 559 Pa. [614] at 623 n. 5, 741 A.2d [1264] at 1264 [ 1267] n. 5 (1999).

On the issue of substantial similarity of DUI offenses, the *Crytzer* Court further noted:

> On December 21, 1998, the General Assembly enacted Section 1586 of the Vehicle Code, 75 Pa.C.S. § 1586, which provides in pertinent part:
>
> > The fact that the offense reported to the department by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of section 3731 shall not be a basis for determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact.
>
> *Id.* (Footnote omitted). Clearly, the legislature, through its enactment of Section 1586 of the Vehicle Code, eliminated the comparison of differing degrees of impairment between a Pennsylvania's DUI offense and a DUI offense of other Compact party states. Any of Stiver's allegations of due process violations based upon what he avers to be dissimilarity between the New York DUI statute and that of Pennsylvania also fail in light of this Court's decision in *Squire v. Department of Transportation, Bureau of Driver Licensing,* 769 A.2d 1224 (Pa.Cmwlth.2001). In *Squire,* this Court unequivocally stated:

Were there any question that the statutory amendment had the effect of mandating that the New York offense of driving while ability impaired was to be treated as substantially similar to both Pennsylvania's DUI offense and the DUI offense enumerated in Article IV(a)(2), Petrovick's retroactivity analysis eliminated such doubt. Petrovick dealt with the same New York statute at issue here. If, in fact, the statutes remained substantially dissimilar for purposes of the compact, the amendment would not—as Petrovick suggested— have affected the licensees' substantive rights.

*Id.* at 1226–27.

■ Lastly, we find no merit in Stiver's equal protection arguments and note that the Supreme Court in *McCafferty* stated that "the Compact does not create *any* suspect classifications, either facially or through its enforcement, that would implicate the Equal Protection Clause . . . . The statute simply does not single out any group of Pennsylvania licensees for disparate treatment." *McCafferty,* 563 Pa. at 159, 758 A.2d at 1162. Hence Stiver's averments of equal protection violations are misplaced.

Accordingly, based upon the foregoing, the order of the trial court is affirmed.

### ORDER

AND NOW, this 28th day of August 2001, the order of the Court of Common Pleas of McKean County in the above-captioned matter is affirmed.