**Jon Francis DILLAMAN**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 21, 2002.

Decided Nov. 25, 2002.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: COLINS, President Judge, COHN, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge COHN.

The instant case is an appeal from the decision of a Crawford County Court of Common Pleas order that sustained Jon Francis Dillaman's (Licensee) appeal from the Department of Transportation's (DOT) suspension of his driver's license. For the reasons that follow, we reverse the trial court.

On March 25, 2000, Licensee was pulled over by police in Harrison County, Mississippi for operating a motor vehicle while under the influence of an intoxicating liquor.[1] At that time, he was eighteen years old. On January 24, 2001, he was convicted of this crime in a Mississippi court. At some point in the ensuing months, DOT received notification of this conviction from Mississippi. Pursuant to Article IV of the Interstate Drivers License Compact (Compact), 75 Pa.C.S. § 1581, and Sections 1532(b) and 3731 of the Vehicle Code, 75 Pa.C.S. §§ 1532(b) and 3731, DOT issued a notice to Licensee that it would be suspending his Pennsylvania driver's license for a one-year period based upon the Mississippi conviction. Licensee appealed this decision to the trial court.

The trial court conducted a hearing on August 8, 2001 at which Licensee was represented by counsel. DOT presented several documents in support of the suspension, most notably a "Uniform Traffic Ticket" for "Driving Under the Influence" (ticket) issued by the Mississippi Highway Safety Patrol.

The ticket had two sections. The first section contained information regarding the violation itself—the blood alcohol level, the provision of the Mississippi statutes purportedly violated, location of the offense, and the name of the arresting officer. In this section it was indicated that Licensee was charged with "[h]aving an alcohol concentration of eight one-hundredths percent (0.08%) or more for persons who are below the legal age to purchase alcoholic beverages under state law,

to wit: .158%...."[2] The ticket indicated the date of the arraignment, as well as the trial date. The arresting officer signed the ticket on a signature line that followed these factual averments.

The second section of the ticket dealt with the trial court's disposition of the case. It indicated that the trial court found Licensee guilty as charged and the penalty that the court imposed on him for his violation.[3] The ticket indicated that Licensee was represented by counsel at the Mississippi proceeding, including the counsel's name, address and telephone number. The judge signed and dated the portion of the ticket dealing with the proceeding. The ticket was embossed with the seal of the County of Harrison.

Additionally, the reverse side of the ticket has a date stamp indicating that it had been received on January 25, 2001 at the Mississippi "Department of Public Safety, Driver Improvement Branch." The stamp included the name of the Director of the Department of Public Safety.

At the suspension appeal before the trial court, DOT also introduced a certification from the director of Pennsylvania's Bureau of Driver Licensing, which indicated that the "Uniform Traffic Ticket, No. 5–78794, Mississippi Highway Safety Patrol, Out of State Driver Violations Report" was "received **from the licensing authority** of the State of MISSISSIPPI...." (R.R. at 20a) (emphasis added).

Counsel for Licensee objected to the report on the basis that it needed to be certified.[4] In response, DOT argued that, under *Tripson v. Department of Transpor-*

---

1. Miss.Code Ann. § 63–11–30(1).

2. The .158 was handwritten; the remainder of the quoted material was form printed.

3. Dillaman was fined $250 and was ordered to "attend MASEP and VIP."

4. Counsel also argued that "it needs to be a certified document. And that is a trigger to [DOT's] ability to step in and make the suspension." (License Suspension Hearing, 8/8/01, Transcript at 8.)

*tation, Bureau of Driver Licensing,* 773 A.2d 195 (Pa.Cmwlth.2001), *petition for allowance of appeal denied,* 568 Pa. 690, 796 A.2d 320 (2002), DOT

> must receive a document from the licensing authority from the state that the person was convicted. And we did receive a stamped, there is a stamp on there that says it's coming from the licensing authority.[5]

The trial court withheld ruling on the objection at the hearing but, in a written opinion, affirmed the appeal, noting that, per *Tripson,* the report of conviction must "be a certified record that is received by the Department. . . ." The trial court concluded that:

> the record contained in the certified record provided by the Department of Transportation from the other state (in this case Mississippi) cannot be certified by the Pennsylvania Department of Transportation unless it is a certified record from the licensing authority in the other state (in this case Mississippi).

(Trial Court Opinion at 4.) DOT appeals from the accompanying order granting Licensee's appeal.

■ On appeal, DOT argues that the trial court erred in ruling that the Mississippi report needed to be certified by an official in Mississippi before DOT could rely on it to suspend Licensee's license. Licensee did not submit a legal brief to this Court. On review of the trial court's decision to sustain Licensee's appeal, this Court must determine whether the trial court's findings are supported by competent evidence or whether it committed an error of law or an abuse of its discretion. *Fine v. Department of Transportation, Bureau of Driver Licensing,* 694 A.2d 364, 366 n. 6 (Pa.Cmwlth.1997).

■ The burden of proof is on DOT in Compact license suspension cases. To satisfy this burden, DOT must produce a report forwarded from the licensing authority of the reporting state showing that the licensee was convicted of an offense that is substantially similar to an offense listed in Article IV(a)(2) of the Compact. 75 Pa.C.S. § 1581. Upon receiving the report, the Compact requires the home state to conduct a two part-analysis. Our Supreme Court in *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999), described this test:

> First, we must evaluate whether there is a Pennsylvania offense which is "of a substantially similar nature" to the provisions of Article IV(a)(2). Second, we must evaluate whether there is a [reporting state] offense which is "of a substantially similar nature" to Article IV(a)(2). Both prongs must be satisfied before PennDOT can sanction a Pennsylvania citizen for an out-of-state conviction.

*Petrovick,* 559 Pa. at 620, 741 A.2d at 1267.[6] If both prongs are met, Pennsylva-

---

**5.** License Suspension Hearing, 8/8/01, Transcript at 6–7.

**6.** Recently, the Pennsylvania Supreme Court discussed the impact of 75 Pa.C.S. § 1568 on the *Petrovick* analysis. *See Wroblewski v. Commonwealth Department of Transportation, Bureau of Driver Licensing,* —— Pa. ——, 809 A.2d 247 (2002). In *Wroblewski,* the Court concluded that:

> Section 1586 clearly broadens the scope of offenses that Pennsylvania would consider

to be "substantially similar" to the offenses delineated in Article IV(a)(2). Under the terms of § 1586, an out-of-state conviction for any level of impaired driving is punishable in Pennsylvania. In contrast, the Compact, as interpreted by *Petrovick,* required a level of impairment to a degree which rendered the operator "incapable of safely driving"; impairment which did not reach this level was not punishable.

nia can impose the sanction the licensee would have faced had the licensee committed the offense in Pennsylvania. As to the first prong, our Court has repeatedly noted that Pennsylvania's driving under the influence statute, Section 3731 of the Vehicle Code, is substantially similar to Article IV(a)(2) of the Compact. *See, e.g., Folsom v. Commonwealth Department of Pennsylvania, Bureau of Driver Licensing,* 771 A.2d 118 (Pa.Cmwlth.2001). Regarding the second prong, because this is the first time our Court has dealt with a Compact case arising from Mississippi, we must determine whether the Mississippi offense is substantially similar to Article IV(a)(2) of the compact. We address the relevant issues *in seriatim.*

■ First, Article III of the Compact requires that the report of conviction produced by DOT be from the licensing authority of the reporting state. In *Tripson,* this Court reversed DOT's suspension of privileges based on an out-of-state conviction when the conviction report lacked any indication that it was from the Licensing authority of the reporting state. This Court held in *Tripson* that a part of DOT's burden in a case under the Compact was to offer proof that the licensing authority of the convicting state had furnished to DOT a report of the driver's conviction in accordance with Article III of the Compact.

In applying our holding in *Tripson,* we have noted that

> This Court in *Tripson* did not hold that Section 1532(b)(3) requires that an out-of-state conviction be certified by the submitting state. This Court merely stated that "the Department may not certify that the documents are reports of

convictions from other jurisdictions' licensing authorities if the documents themselves contain no such certification from the reporting jurisdiction." *Id.,* 773 A.2d at 197.

*Bergen v. DOT, Bureau of Licensing,* 785 A.2d 157, 165 (Pa.Cmwlth.2001). We reasoned that if the document lacked any indication that it came from the licensing authority, DOT could not certify that it came from that authority. We distinguished the case from *Tripson* noting that "Unlike the situation in *Tripson,* there is no indication that it is not from the actual licensing authority." *Bergen,* 785 A.2d at 165. Based on this reasoning we affirmed a licensee's suspension because the documents from the reporting state, although not certified by that state, indicated that they originated from the licensing authority.

In this case, DOT satisfied its burden under *Tripson* by producing a report of conviction furnished to DOT by the reporting state. The Court accepts DOT's arguments that the stamp of the licensing authority on the court abstract, which shows the date the licensing authority received the court abstract, along with DOT's certification that it received the court abstract from the licensing authority, constitutes competent evidence to meet DOT's minimal burden of proof. Licensee failed to offer evidence to the contrary.

■ Having concluded that the report of conviction was sufficient to sustain DOT's burden, we must next address whether the Mississippi offense committed by Licensee is comparable to an offense listed in Article IV(a)(2) of the Compact.

---

Op. at 102. The Court then concluded that Section 1586 "supplants" the *Petrovick* analysis and that "any convictions after the effective date of" Section 1586 were controlled by

it. In the instant case, whether applying the *Petrovick* analysis or Section 1586, the outcome remains the same.

The conviction report provided by the Mississippi licensing authority indicated that Licensee had violated Miss.Code Ann. § 63–11–30(1). At the time of Licensee's conviction, Section 63–11–30(1) provided that:

It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor . . . (c) has an alcohol concentration of ten one-hundreths percent (.10%) or more for persons who are above the legal age to purchase alcoholic beverages under state law, or two one-hundredths percent (.02%) or more for persons who are below the legal age to purchase alcoholic beverages under state law, in the person's blood based upon grams of alcohol per one hundred (100) milliliters of blood or grams of alcohol per two hundred ten (210) liters of breath as shown by a chemical analysis of such person's breath, blood or urine administered as authorized by this chapter . . . .

Miss.Code. Ann. § 63–11–30(1).[7] The Department maintains that this provision is substantially similar to Article IV(a)(2) of the Compact. Licensee does not argue otherwise. Article IV(a)(2) provides that:

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

. . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;

We agree with the Department that the Mississippi statute is substantially similar to Article IV(a)(2). Under Mississippi law, Licensee was convicted of operating a motor vehicle while he had a blood alcohol level of ".138%," a level that, under Mississippi law, meant that he was "under the influence of [an] intoxicating liquor." The Mississippi licensing authority forwarded

---

7. In 2002, the Mississippi legislature reduced the level of impairment necessary for violation of the statute from .10% to .08%, without otherwise substantively altering the statute. As this change occurred subsequent to Licensee's conviction in Mississippi, it has no bearing on the instant case. However, given that the statute at issue in this case is substantially similar to Article IV, and that this change is only as to the necessary level of impairment for a violation, DOT's duty to give effect to a Mississippi conviction under 63–11–30(1), remains unaltered. *See* 75 Pa.C.S. § 1586 ("The department shall, for purposes of imposing a suspension or revocation under Article IV of the compact, treat reports of convictions received from party states that relate to driving, operating or being in actual physical control of a vehicle while impaired by or under the influence of alcohol, intoxicating liquor, drugs, narcotics, controlled substances or other impairing or intoxicating substance as being substantially similar to section 3731 (relating to driving under the influence of alcohol or controlled substance). The fact that the offense reported to the department by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of section 3731 shall not be a basis for determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact"); see also *Wroblewski; Squire v. Department of Transportation, Bureau of Driver Licensing*, 769 A.2d 1224, 1227 (Pa.Cmwlth.2001)("[t]he amendment . . . expands the range of statutes that should be considered substantially similar to Article IV(a)(2) and 75 Pa.C.S. 3731(a) by allowing any level of impairment to be found substantially similar to any other level, as long as the driver is impaired to a degree that is deemed illegal by the convicting state.").

this information to DOT, which then had a duty, imposed by Article IV, to "give the same effect to the conduct reported ... that it would if such conduct had occurred in" Pennsylvania. 75 Pa.C.S. § 1581. Based upon the conduct reported by the Mississippi licensing authority, DOT appropriately applied 75 Pa.C.S. §§ 1532(b) and 3731 and suspended licensee's license for a one year period.

For these reasons the order of the common pleas court is reversed.

President Judge COLINS concurs in the result only.

### ORDER

**NOW,** November 25, 2002, the order of the Court of Common Pleas of Crawford County in the above-captioned matter is hereby reversed.