**STATE of Maine**

v.

**Reginald BEAN.**

Supreme Judicial Court of Maine.

Argued March 6, 1981.

Decided June 18, 1981.

* Glassman, J., sat at oral argument and in the initial conference but died before this opinion was adopted.

David W. Crook, Dist. Atty., Skowhegan, for plaintiff.

William Thomas Hyde, Skowhegan, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN * and CARTER, JJ.

GODFREY, Justice.

Defendant Reginald Bean appeals from his conviction, after a jury trial in Superior Court, for operating a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312 (Supp.1980–81). On appeal Bean challenges his conviction on the ground that the trial justice improperly instructed the jury that they could find Bean guilty if he was operating a motor vehicle while under the influence of alcohol to any extent. Finding no error in the trial justice's instruction, we affirm the judgment.

Defense counsel objected to a suggestion in the trial justice's instruction that the jury should find Bean guilty if he drove a motor vehicle while alcohol had "any effect" on him. Prior to the use of the phrase "any effect", the presiding justice had instructed the jury that "under the influence of intoxicating liquor ... covers any abnormal physical or mental condition which deprives that person of the clearness of intellect and the control of himself that he would otherwise possess." The justice declined to alter his instruction, and Bean repeats his objection on appeal. While acknowledging this Court's past holdings, discussed below, that the offense of driving under the influence requires no particular degree of intoxication, the defendant contends that those decisions construed statutes that were fundamentally different from the one under which he was convicted. Those statutes expressly declared it unlawful to operate a motor vehicle while "at all

under the influence" of intoxicants. The present statute penalizes operating while simply "under the influence" of liquor or drugs. The change in language leads Bean to conclude that the legislature intended that proof of more than a minimal amount of influence should be necessary for a conviction under 29 M.R.S.A. § 1312. We do not agree with the defendant's conclusion.

In the original statute defining the offense of operating a motor vehicle while under the influence, P.L.1911, ch. 162, § 20, the legislature penalized operating "while under the influence of intoxicating liquor, so that the lives or safety of the public are in danger." As this Court noted in *State v. Mann*, 143 Me. 305, 311, 61 A.2d 786, 789 (1948), that formulation failed to "meet the public necessity" because the factfinder had to determine not only whether the defendant was operating a vehicle under the influence of intoxicating liquor but also whether he was far enough under that influence that the public was endangered.

To remedy the problem, the legislature in 1919 amended the statute so that it penalized driving "when intoxicated or at all under the influence of intoxicating liquor or drug." P.L.1919, ch. 211, § 14. Under that statute, the factfinder would only have to determine whether the defendant was under the influence of alcohol to any extent; it was unnecessary to determine whether that influence adversely affected his driving ability. *State v. Mann, supra.*

Since 1919 the legislature has amended the statute several times, each time manifesting an intent to minimize the proof necessary for conviction. In 1953 a new section was added, providing that proof that defendant's blood-alcohol level was .15 percent or higher constituted "prima facie evidence" that he was driving while under the influence of intoxicants. P.L.1953, ch. 161. Fourteen years later the legislature purported to establish a distinct, lesser of-

fense, that of driving while the "mental or physical faculties are impaired, however slightly", by the use of intoxicating liquors or drugs. P.L.1967, ch. 546, adding 29 M.R.S.A. § 1312-A. Under that statute, the blood-alcohol levels that constituted prima facie evidence of a violation were reduced to .10 percent. *See State v. Bryce*, Me., 243 A.2d 726, 729–31 (1968).

In 1969, the legislature repealed sections 1312 and 1312–A and, within a revised version of section 1312, set up two distinct categories of offense: (1) operating while the "mental or physical faculties are impaired by the use of intoxicating liquor or drugs" (subsection 11(A)), and (2) operating while intoxicated (subsection 11(B)). P.L. 1969, ch. 439, § 1. Although the definition of operating while impaired did not employ the additional phrase "however slightly" after the word "impaired", the 1969 amendment did not otherwise manifest any purpose of making a substantive change in the 1967 definition of the offense. The penalties for driving while "impaired" were identical to those formerly incurred for driving while "impaired, however slightly," and, as before, a blood-alcohol level of .10 percent or higher constituted prima facie evidence of a violation.

Finally, in 1971, 29 M.R.S.A. § 1312 was amended to eliminate the distinction between driving while intoxicated and driving while the mental or physical faculties are impaired by intoxicants. P.L.1971, ch. 547. In place of the former offenses was substituted the single offense of operating a motor vehicle "while under the influence of intoxicating liquor or drugs."[1] Significantly, the blood-alcohol level that represented prima facie evidence of a violation was the same as that associated with the offense of driving while the mental or physical faculties were "impaired, however slightly": namely, .10 percent or higher.

---

1. Nothing in the legislative record indicates why the legislature did not revive the phrase "at all under the influence" when it returned to defining the offense as operating while under the influence. The history of the statute supports the conclusion that the additional lan-

guage was by that time considered unnecessary in view of *State v. Mann, supra.* Of course, the phrase "under the influence" does not itself suggest that any particular degree of inebriation is required.

We perceive in this series of amendments a strengthening of the legislature's early conclusion that the public is endangered by persons who drive while under the influence of intoxicating liquor or drugs regardless of the extent of that influence. The legislature has restructured the statute so that intoxication is no longer an element of the offense; driving while simply "under the influence" of intoxicating liquor or drugs is now identified as the essential threat to the public safety. Prima facie evidence of a violation of the statute is not the blood-alcohol levels connected with driving while intoxicated but those lower levels that had previously sufficed to show minimal impairment of the mental or physical faculties. In short, the legislature has concluded that drivers in this state may not permit themselves to come under the influence of intoxicants and then gamble that their driving ability will not be impaired. Not only dangerous driving, but also creating a risk of dangerous driving, is to be penalized.

This Court's earlier interpretations of the operating-under-the-influence statute, although concerned with somewhat different statutory formulations, remain applicable to the present provision. For a defendant to be convicted under 29 M.R.S.A. § 1312, he need only operate a motor vehicle within this state while under the influence of intoxicating liquor or drugs to any extent.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.