**STATE of Maine**

v.

**Donald J. CLARK.**

Supreme Judicial Court of Maine.

Argued May 2, 1983.

Decided July 22, 1983.

---

Paul Aranson, Dist. Atty. (orally), Portland, for plaintiff.

Shepard & Shepard, John F. Shepard, Jr. (orally), Freeport, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER * and WATHEN, JJ.

PER CURIAM.

The defendant Donald J. Clark appeals from his conviction in Superior Court, Cumberland County, after a jury trial, for operating a motor vehicle while under the influence of intoxicating liquor or drugs or with an excessive blood-alcohol level.

The defendant was arrested on January 6, 1982, after being stopped by a state trooper on Route 302 in North Windham. Six days later he was charged by complaint in District Court with operating a motor vehicle in violation of 29 M.R.S.A. § 1312-B "while having 0.10% or more by weight of alcohol in his blood or while under the influence of intoxicating liquor."[1] The case was transferred to Superior Court. At trial, on September 29, 1982, the arresting officer testified as follows: at the time of arrest, Clark's breath smelled of alcohol, his eyes were bloodshot, and his gait was unsteady; his driving before the arrest had been erratic; and after the arrest, he admitted to having one mixed drink and six beers. Clark submitted to a breath test, which

---

* Carter, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

1. 29 M.R.S.A. § 1312-B(1) (Supp.1982) provides as follows:

A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle:

A. While under the influence of intoxicating liquor or drugs or a combination of liquor and drugs; or

B. While having 0.10% or more by weight of alcohol in his blood.

indicated 0.11% blood alcohol. The jury returned a guilty verdict without specifying whether Clark's guilt was based upon operating under the influence or operating with excessive blood alcohol.

We need address only the defendant's principal argument: that his trial subjected him to double jeopardy because section 1312-B(1) gave the prosecutor two chances to obtain a conviction for a single offense. The state could prevail if it established that Clark had operated either with excessive blood alcohol or while under the influence of intoxicating liquor.

It is now settled that subdivisions A and B of subsection 1312-B(1) provide alternative means to prove the single crime of operating a motor vehicle while intoxicated. *State v. Pickering*, 462 A.2d 1151, 1156–1157 (Me.1983). Thus, this case involves a single criminal charge, a single trial, and a single sentence. The defendant's claim of double jeopardy cannot be maintained.

The entry is:

Judgment affirmed.

All concurring.