STATE of Maine

v.

**Thomas W. WORSTER.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 15, 1992.

Decided July 24, 1992.

R. Christopher Almy, Dist. Atty., Bangor, for the State.

Thomas F. Sheehan, Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Defendant Thomas Worster appeals from an order of the Superior Court (Penobscot County, *Smith, J.*) affirming his conviction in the District Court (Lincoln, *Gunther, J.*) of hunting under the influence of drugs, namely, marijuana. 12 M.R.S.A. § 7406(3) (1981).[1] Worster argues that the District

---

1. At the time of the alleged violation, 12 M.R.S.A. § 7406(3) (1981) read:

    A person is guilty of hunting while under the influence of intoxicating liquor or drugs if he hunts wild animals or wild birds while under the influence of intoxicating liquor or drugs.

Court erred in denying his motion to suppress and used the wrong standard for being "under the influence" of marijuana, and that the evidence was insufficient to support a finding of guilty. Because we find no error in the District Court's decision, we affirm the judgment.

On November 5, 1990, Game Warden Bill Livezy stopped Worster's car on a logging road in Lincoln. The road traversed known deer habitat and Worster was driving unnecessarily slowly, looking back and forth, and braking the car at odd times. Livezy suspected that Worster was hunting from a motor vehicle in violation of 12 M.R.S.A. § 7406(8) (1981 & Supp.1991). When Livezy ran up to the car, he surprised Worster in the process of smoking a marijuana cigarette. Worster tried to throw the cigarette away and then reached down and unloaded a rifle on the seat next to him. Livezy observed that Worster's reactions were slow and that he displayed a mildly "wasted look" with "glassy and baggy eyes." Livezy arrested Worster for possession of a loaded firearm in a motor vehicle, hunting under the influence of marijuana, and possession of a usable amount of marijuana. 17–A M.R.S.A. § 1107 (Supp.1991).

■ At the trial, Worster moved to suppress all evidence obtained from the stop arguing that Livezy did not have a reasonable and articulable suspicion on which to base the stop. The court denied the motion. Worster was convicted and was fined $550 and sentenced to 3 days in jail. Worster appealed his conviction of hunting under the influence to the Superior Court. After the Superior Court affirmed, Worster appealed to this court.[2]

■ For an officer to make a valid investigatory stop, the "officer must act on the basis of 'specific and articulable facts which, taken with rational inferences from those facts, reasonably warrant the intrusion.'" *State v. Dulac*, 600 A.2d 1121, 1122 (Me.1992) (quoting *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)). The court must find that the officer actually entertained the suspicion and that the suspicion was reasonable under the circumstances. *State v. Chapman*, 495 A.2d 314, 317 (Me.1985). The court's finding that a stop is reasonable is reviewed only for clear error. *Dulac*, 600 A.2d at 1122. In this case, Officer Livezy's observations that Worster was driving slowly through known deer habitat, looking from side to side, and braking unpredictably was a reasonable basis upon which to make an investigatory stop of Worster's car. It was not clear error for the District Court to deny Worster's motion to suppress.

■ Worster next contends that the court used an inappropriate standard for being "under the influence" of marijuana. We disagree.

The hunting under the influence statute, 12 M.R.S.A. § 7406(3), does not give a definition of being "under the influence" of drugs. *See supra*, note 1. That wording, however, does not suggest that a heightened level of intoxication is required. *State v. Bean*, 430 A.2d 1109, 1110 n. 1 (Me.1981). Moreover, the wording is very similar to the statute prohibiting the operation of a motor vehicle under the influence of intoxicating liquor or drugs. *See* 29 M.R.S.A. § 1312–B(1) (Pamph.1991).[3] Indeed, in 1991, the legislature amended the language of the hunting statute to exactly parallel the motor vehicle statute. *See* 29 M.R.S.A. § 7406(3) (Supp.1991); P.L.1991 c. 443, § 12. Under the motor vehicle statute, we have held that a person is under

12 M.R.S.A. § 7001(15) (1981) defines hunting thus: "To 'hunt' means to hunt for, pursue, molest, shoot, catch, take, kill, wound or destroy wild animals and wild birds."

**2.** Because the Superior Court acted in an appellate capacity, we review the District Court's decision directly. *Town of Ogunquit v. Brazer*, 489 A.2d 505, 506 (Me.1985).

**3.** 29 M.R.S.A. § 1312–B(1) states:

1. A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle:
    A. While under the influence of intoxicating liquor or drugs or a combination of liquor or drugs.
    B. While having 0.08% or more by weight of alcohol in his blood.

the influence of intoxicating liquor if one's "mental or physical faculties are 'impaired however slightly,'" or "to any extent." *Bean*, 430 A.2d at 1110–11. At Worster's trial, Dr. James Young testified that both marijuana and alcohol affect similar brain cells in the same sequence with at least some similar effects. In addition, he testified that marijuana may cause one's eyes to become glassy and bloodshot and one's speech to be slowed and possibly slurred. In this case, given the similar wordings of the statutes and the similar effects and symptoms of both alcohol and marijuana, it was not error for the court to use the same standard for hunting under the influence of intoxicating liquor or drugs as is used for operating a motor vehicle under the influence of intoxicating liquor or drugs. *See State v. Dunn*, 480 A.2d 788, 789–790 (Me. 1984).

■ Worster's final argument is that the evidence was insufficient to support the verdict. In testing the sufficiency of the evidence, this court views the evidence in the light most favorable to the State to determine whether a factfinder could find every element of the criminal charge beyond a reasonable doubt. *State v. Philbrick*, 551 A.2d 847, 852 (Me.1988); *see also State v. Barry*, 495 A.2d 825, 826 (Me. 1985). Livezy's testimony that Worster was smoking a marijuana cigarette at the time and that he had "glassy and baggy eyes," combined with Dr. Young's testimony concerning the effects and symptoms of marijuana intoxication were sufficient to allow the judge to find that Worster was hunting under the influence of marijuana.[4]

The entry is:

Judgment affirmed.

All concurring.

---

**4.** The court's decision to allow Livezy to give his opinion that Worster was under the influence of marijuana, even if erroneous, does not rise to the level of obvious error. *See State v. True,* 438 A.2d 460, 467 (Me.1981).