William L. FOLSOM

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 9, 2000.

Decided April 18, 2001.

---

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Anthony W. DeBernardo, Jr., Greensburg, for appellee.

Before SMITH, Judge, LEADBETTER, Judge, LEDERER, Senior Judge.

LEADBETTER, Judge.

The Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Westmoreland County, which sustained the statutory appeal of William L. Folsom (Folsom) from a one-year suspension of his operating privilege. We reverse.

On February 16, 1999, Folsom was convicted in Maine of operating a motor vehicle while under the influence of intoxicants in violation of Me.Rev.Stat.Tit. 29, § 2411(1).[1] Thereafter, pursuant to Article III of the Drivers' License Compact,[2]

---

1. Title 29 of Maine Revised Statutes, § 2411 states in part:

    (1) OFFENSE. A person commits OUI, which is a Class D crime unless otherwise provided, if that person operates a motor vehicle:

    (A) While under the influence of intoxicants; or

    (B) While having a blood-alcohol level of .08% or more.

    (2) PLEADING AND PROOF. The alternatives outlined in subsection 1, paragraphs A and B may be pleaded in the alternative. The state is not required to elect between the alternatives prior to submission to the fact finder.

2. Article III states in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." 75 Pa.C.S. § 1581, Art. III.

Maine's licensing authority reported the conviction to the Department and the Department treated the conviction as if Folsom had been convicted under 75 Pa.C.S. § 3731 (the Pennsylvania statute prohibiting driving under the influence) as required by Article IV of the Compact.[3]

■ Folsom appealed his suspension and common pleas sustained his appeal, concluding that the Department had not met its burden of demonstrating that Folsom was convicted of an offense which is substantially similar to the offense described in Pennsylvania's DUI statute as is required by Article IV(c) of the Compact.[4] Specifically, common pleas noted that while subsection (1)(A) of the Maine statute was substantially similar to 75 Pa.C.S. § 3731(a)(1), which makes it an offense to drive a vehicle while under the influence of alcohol to a degree which renders the driver incapable of driving safely, subsection (1)(B) was not substantially similar to § 3731(a)(4) because of the difference in the blood alcohol level proscribed by the two statutes.[5] Therefore, since the Maine report failed to identify which subsection Folsom had been convicted under, common pleas held that the Department had failed to meet its burden of proof. This appeal followed.

■ The Department first argues that the failure of Maine's licensing authority to specify in its report whether Folsom was convicted under subsection A (operating a motor vehicle under the influence of intoxicants) or B (operating a motor vehicle with a blood alcohol level of 0.08% or more) does not prevent it from fulfilling its Article IV duties.[6] We agree. As the Depart-

---

3. Article IV provides in part that:
The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for ... (2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle.
75 Pa.C.S. § 1581, Art. IV(a)(2).

4. We note that the correct inquiry is whether both laws prohibit conduct that is substantially similar to one of the offenses set forth in Article IV(a) of the Compact. *Petrovick v. Department of Transp., Bureau of Driver Licensing*, 559 Pa. 614, 618–20, 741 A.2d 1264, 1266–67 (1999). Article IV(c) provides:
If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a substantially similar nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.
75 Pa.C.S. § 1581(c). In *Petrovick*, the Supreme Court held that Pennsylvania's driving under the influence statute is substantially similar to Article IV(a)(2) of the Compact. 559 Pa. at 621–23, 741 A.2d at 1268.

5. Section 3731(a)(4) provides that it shall be unlawful for an adult to drive with a blood alcohol level of 0.10% or greater. 75 Pa.C.S. § 3731(a)(4).

6. Article III provides that the *licensing authority of the convicting state* shall provide a report of conviction, which clearly identifies the person convicted, describes the violation, "specifying the section of the statute, code or ordinance violated," identifies the court in which action was taken, indicates whether a plea was entered or the conviction was a result of forfeiture of bail, bond or other security and whether any special findings were made. 75 Pa.C.S. § 1581, Art. III. The failure of the reporting authority to include any of the information required by Article III in its report to the Department "shall not excuse or prevent the [D]epartment from complying with its duties under Articles IV and V of the compact." 75 Pa.C.S. § 1584.

ment notes, Me.Rev.Stat.Tit. 29, § 2411(1) proscribes one offense, namely operating a motor vehicle while intoxicated, and subsections A and B merely provide alternative means of proving the offense. *See State v. Clark*, 462 A.2d 1183 (Me.1983) and *State v. Pickering*, 462 A.2d 1151 (Me. 1983) [discussing predecessor to § 2411(1)]. Therefore, since the report clearly indicates the nature of the crime committed [OUI] and the statute violated [29–A 2411–1], the failure to indicate how the offense was proven is of no consequence.[7]

■ The Department next argues that the Maine offense of operating under the influence is substantially similar to Article IV(a)(2) of the Compact. Again, we agree. The Supreme Court of Maine has opined that a driver is guilty of operating under the influence "if his or her senses are 'impaired however slightly' or 'to any extent' by alcohol." *State v. Webster*, 754 A.2d 976, 978 (Me.2000) [quoting *State v. Worster*, 611 A.2d 979, 981 (Me.1992)]. Prior to the enactment of 75 Pa.C.S. § 1586, the difference in the degree of impairment between § 2411 and Article IV(a)(2) would have precluded a finding of substantial similarity because a conviction under § 2411 would not demonstrate that the driver had driven under the influence to a degree that he was incapable of driving safely. *Compare Petrovick v. Department of Transp.*, 559 Pa. 614, 620–24, 741 A.2d 1264, 1267–69 (1999). In 1998, however, the legislature enacted § 1586, which states:

The department shall, for purposes of imposing a suspension or revocation under Article IV of the compact, treat reports of convictions received from party states that relate to driving, operating or being in actual physical control of a vehicle while impaired by or under the influence of alcohol, intoxicating liquor ... as being substantially similar to section 3731 (relating to driving under the influence of alcohol or controlled substance). The fact that the offense reported to the department by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of section 3731 shall not be a basis for determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact.

75 Pa.C.S. § 1586.[8] With the above provision, the legislature has clearly announced that the differences in the degree of impairment required to support a conviction in the party state shall not preclude a finding that the offense is substantially similar to Article IV(a)(2) of the Compact. As this court observed in *Squire v. Department of Transportation, Bureau of Driver Licensing*, 769 A.2d 1224 (Pa.Cmwlth. 2000), "the amendment ... expands the range of statutes that should be considered substantially similar to Article IV(a)(2) and 75 Pa.C.S. § 3731(a) by allowing any level of impairment to be found substantially similar to any other level, as long as the driver is impaired to a degree that is

---

7. Recently, in *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000), our Supreme Court clarified that the Department is not precluded from relying on an out-of-state report of conviction based on perceived Article III deficiencies. *Id.* at 162–63, 758 A.2d at 1164–65. *See also* 75 Pa.C.S. § 1584.

8. Contrary to Folsom's argument on appeal, Section 1586 applies in the present case because Folsom's conviction occurred after it took effect on December 21, 1998. *Schrankel v. Department of Transp., Bureau of Driver Licensing*, 562 Pa. 337, 755 A.2d 690, 692 (2000).

deemed illegal by the convicting state." *Id.* at 1226. Therefore, although Article IV has been interpreted to require a greater level of impairment than is required to be convicted in Maine, pursuant to § 1586, Maine's OUI offense is deemed substantially similar to Article IV, thereby allowing Pennsylvania to suspend Folsom's license under the Compact.

In reaching our conclusion that a reversal is warranted, we reject Folsom's contention that his appeal should be sustained because he would have been admitted into an Accelerated Rehabilitative Disposition (ARD) program (as opposed to being convicted of a 75 Pa.C.S. § 3731 offense) had his conduct occurred in Pennsylvania. Whether Folsom may have been admitted into an ARD program if the conduct had occurred in Pennsylvania is irrelevant. The Compact requires the home state to "give the same effect to the conduct reported ... as it would if such conduct had occurred in the home state in the case of *convictions* for ... driving a motor vehicle while under the influence of intoxicating liquor ... to a degree which renders the driver incapable of safely driving." Article IV(a)(2). Pursuant to this provision, a report of conviction from a party state is treated by the Department as if the licensee had been convicted of violating Pennsylvania's driving under the influence statute, which mandates a one-year suspension. 75 Pa.C.S. § 1532(b)(3).

Based on the foregoing, the order of common pleas is reversed.

### ORDER

AND NOW, this 18th day of April, 2001, the order of the Court of Common Pleas of Westmoreland County in the above captioned matter is hereby reversed.

SMITH, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the Department of Transportation (Department) may suspend William L. Folsom's license pursuant to Article IV of the Driver's License Compact (Compact), 75 Pa.C.S. § 1581, Art. IV, based upon his out-of-state conviction under the Maine driving under the influence (DUI) statute, Me.Rev.Stat. Tit. 29, § 2411.

In order for the Department to suspend a drivers' license pursuant to Article IV of the Compact for an out-of-state DUI conviction, among other things, the language of the out-of-state DUI statute must have an effect substantially similar to a requirement that the driver be impaired to a degree which renders the driver incapable of safely driving a motor vehicle. *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999). The courts of Maine have interpreted the Maine DUI statute to require only that the driver's senses be "impaired however slightly" or "to any extent" by the intoxicant. *Maine v. Webster,* 754 A.2d 976, 978 (Me.2000); *see also Maine v. Bean,* 430 A.2d 1109 (Me.1981).

The majority recognizes that Article IV mandates a greater level of impairment than the Maine DUI statute. The majority nevertheless concludes that the Department may suspend Folsom's license under the Compact because of the enactment of Section 1586 of the Vehicle Code, 75 Pa. C.S. § 1586, which the majority concludes has amended the Compact in Pennsylvania such that an out-of-state DUI statute need require only that the driver's ability to operate a motor vehicle be impaired to any degree in order to provide a basis for reciprocal suspension for purposes of Article IV of the Compact. I cannot agree that Section 1586 has wrought such a sweeping change.

The relevant language of Section 1586 provides merely that a difference in the

degree of impairment between the out-of-state DUI statute and the Pennsylvania DUI statute, 75 Pa.C.S. § 3731, may not provide a basis for determining that the out-of-state DUI statute is not substantially similar for purposes of analysis under Article IV of the Compact. Nothing in Section 1586 eliminates the Compact's requirement that the language of the out-of-state DUI statute be substantially similar in nature to Article IV(a)(2) of the Compact. The Maine DUI statute is not substantially similar to Article IV(a)(2), and therefore it cannot provide a basis for reciprocal suspension. *Petrovick.* Accordingly, I dissent.