Louis James NOLAN, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTA- TION, BUREAU OF DRIVER LI- CENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 17, 2003.

Decided March 14, 2003.

John J. Kerrigan, Jr., Langhorne, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before PELLEGRINI, J., COHN, J., and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Louis James Nolan (Licensee) appeals from the June 17, 2002 order of the Court of Common Pleas of Montgomery County (trial court) that denied his statutory appeal of a one-year suspension of his operating privilege by the Department of Transportation, Bureau of Driver Licensing (Department) imposed pursuant to the Driver's License Compact (Compact) (suspension of Pennsylvania operating privilege following a conviction for driving under the influence of alcohol or "substantially similar" offense in a state that is party to the Compact).[1] We affirm.

On September 14, 2000, Licensee was convicted of driving while intoxicated (DWI) under N.J. Stat. Ann. § 39:4–50(a).[2]

---

1. Section 1581 of the Vehicle Code (Code), 75 Pa.C.S. § 1581.

2. N.J. Stat. Ann. § 39:4–50(a) provides as follows:

[A] person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood or permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or permits another to operate a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood shall be subject [to enumerated fines].

Pursuant to Article III of the Compact,[3] New Jersey reported Licensee's conviction to the Department. Accordingly, by official notice dated October 19, 2000, the Department informed Licensee that his operating privilege was being suspended for a period of one year.[4]

Licensee appealed to the trial court, which heard his case along with seventeen other suspension appeals presented by the same counsel. The Department introduced into evidence a certified packet of documents containing an electronically transmitted report of Licensee's DWI conviction in New Jersey. Licensee did not present any evidence on his own behalf. The trial court dismissed Licensee's appeal.

Represented by new counsel, Licensee raises four issues for our consideration: (1) whether the General Assembly had the power to unilaterally amend Section 1581 of the Code inasmuch as it is an interstate compact, (2) whether the New Jersey licensing authority transmitted to the Department all information required by Article III of the Compact, (3) whether the New Jersey DWI statute is substantially similar to the offense listed in Article IV(a)(3) of the Compact[5] and (4), whether Licensee should have received Accelerated Rehabilitative Disposition (ARD) rather than a suspension of his license. On appeal, we are limited to determining whether the trial court's findings of fact are supported by substantial evidence, or whether the trial court abused its discretion or committed an error of law. *Perry v. Department of Transportation, Bureau of Driver Licensing*, 778 A.2d 764 (Pa. Cmwlth.2001).

## I.

■ The trial court, in a very thorough opinion, correctly noted that Licensee has waived issues (1) and (2) because he failed to raise them in his statutory appeal. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a);[6] *Ray v. Pennsylvania State Police*, 654 A.2d 140 (Pa.Cmwlth.1995), *aff'd*, 544 Pa. 260, 676 A.2d 194 (1996).

■ Nevertheless, we note that the General Assembly amended Sections 1584 (furnishing information to other states)

---

**3.** Article III of the Compact, 75 Pa.C.S. § 1581, Art. III, provides that

[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

**4.** Article IV(a)(2) of the Compact, 75 Pa.C.S. § 1581, Art. IV(a)(2), requires that the licensing authority of the home state, for purposes of suspension, revocation or limitation of the license to operate a motor vehicle, give the same effect to the conduct reported as it would if such conduct had occurred in the home state. Section 1532(b)(3) of the Code requires the Department to suspend the operating privilege of any driver for a period of twelve months upon receiving a certified record of the driver's conviction of section 3731 of the Code, 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol or controlled substance). 75 Pa.C.S. § 1532(b)(3).

**5.** 75 Pa.C.S. § 1581, Art. IV(a)(3).

**6.** In a petition for review, however, the validity of a statute need not be raised before the government agency in order to be challenged on appeal. Pa. R.A.P. 1551(a)(1); *Wingert v. State Employes' Retirement Bd.*, 138 Pa. Cmwlth. 43, 589 A.2d 269 (1991).

and 1586 (duties of the Department) of the Code in 1998.[7] The 1998 amendments to Section 1584 provide that the omission from any report received by the Department from a party state of any information required by Article III does not excuse or prevent the Department from complying with its duties under Articles III and IV. Similarly, the 1998 amendment to Section 1586 provided that the fact that the offense reported to the Department by a party state may require a different degree of impairment than required under Section 3731 of the Code shall not be a basis for determining that the party state's offense is not substantially similar to Section 3731.

We have previously determined that Sections 1584 and Section 1586 were not impermissible unilateral amendments to the Compact. With regard to Section 1584, in *Horvath v. Department of Transportation, Bureau of Driver Licensing,* 773 A.2d 199 (Pa.Cmwlth.2001), we stated that Article III of the Compact does not prohibit the Department, as the licensing authority, from relying on an out-of-state conviction report because some non-essential information has been omitted. As the Supreme Court noted in *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000), the 1998 amendment to Section 1584 mirrors its interpretation of Article III of the Compact. Section 1584 requires the Department to comply with its duties under the Compact regardless of whether some of the non-essential information has been omitted.

In *Crytzer v. Department of Transportation, Bureau of Driver Licensing,* 770 A.2d 820, 824 (Pa.Cmwlth.2001), *appeal denied,* —— Pa. ——, 813 A.2d 845, (Pa., No. 276 WAL 2001, filed December 2, 2002), we stated that

[t]he Compact is not the sort of interstate agreement for which congressional approval is required. *Renna v. Department of Transportation, Bureau of Driver Licensing,* 762 A.2d 785 (Pa. Cmwlth.2000); *Koterba v. Department of Transportation, Bureau of Driver Licensing,* 736 A.2d 761 (Pa.Cmwlth.1999). Furthermore, to the extent that Section 1586 has unilaterally altered the Compact, it has done so in a way which results only in Pennsylvania giving effect to more out-of-state offenses. The Pennsylvania Supreme Court has held that a party state to an interstate compact may legislate with respect to matters covered by the compact so long as such legislative action is in approbation and not reprobation of the compact. *Henderson v. Delaware River Joint Toll Bridge Commission,* 362 Pa. 475, 66 A.2d 843 (1949). Section 1586 does not have any effect in reprobation of the duties that Pennsylvania undertook when joining the states which have entered the Compact. Accordingly, the [court of common pleas] erred in concluding that the General Assembly lacked authority to enact Section 1586.

*See also Golden v. Department of Transportation, Bureau of Driver Licensing,* 766 A.2d 361 (Pa.Cmwlth.2001) (Sections 1584 and 1586 do not run afoul of the United States and Pennsylvania Constitutions on due process grounds; Section 1584 does not unilaterally improperly nullify or alter the notice provisions of the Compact). Thus, the Pennsylvania courts have determined that the 1998 amendments to the Code were not impermissible legislative actions.

## II

■ In his second argument, Licensee maintains that New Jersey failed to trans-

---

7. Act of December 21, 1998, P.L. 1126.

mit the information required by Article III of the Compact prior to enactment of Section 1584. This issue was addressed by the Supreme Court in *McCafferty,* and the Court held that Article III only imposes an obligation on the Department when it is the reporting state. It does not prohibit Pennsylvania, as the licensing state, from relying on information contained in the report even if it lacks certain non-essential information specified in Article III. Because Licensee's New Jersey DWI conviction occurred after the 1998 amendments to the Code, his argument that the New Jersey conviction report fails to comply with Article III is without merit.

### III

■ Similarly, Licensee's argument that the New Jersey Statute § 39:4–50(a) is not "substantially similar" to the conduct described in Article IV of the Compact must fail.[8] Both the Supreme Court and this Court have unquestionably determined that the New Jersey statute is "substantially similar" to the conduct described in Article IV. *See Scott v. Department of Transportation, Bureau of Driver Licensing,* 567 Pa. 631, 790 A.2d 291 (2002); *Jacobs v. Department of Transportation, Bureau of Driver Licensing,* 783 A.2d 370 (Pa.Cmwlth.2001), *appeals denied,* 568 Pa. 742, 798 A.2d 1293 (2002); *Kiebort v. Department of Transportation, Bureau of Driver Licensing,* 778 A.2d 773 (Pa. Cmwlth.2001); *Breen v. Department of Transportation, Bureau of Driver Licensing,* 771 A.2d 879 (Pa.Cmwlth.2001), *appeal denied,* 569 Pa. 684, 800 A.2d 934 (2002).

### IV

■ In his final argument, Licensee maintains that he should have been granted ARD rather than a suspension of his operating privilege because it was his first offense. He claims that had his offense occurred in Pennsylvania, he would have been eligible for ARD.

In certain criminal matters, the Rules of Criminal Procedure allow the district attorney to request that the case be considered for ARD. Pa. R.Crim. P. 310. If ARD is recommended prior to filing of the information, the judge must order that no information be filed during the term of the program. Pa. R.Crim. P. 312. However, if the information has been filed prior to acceptance into the ARD program, the judge must order that all proceedings be postponed during the term of the program. Pa. R.Crim. P. 315. Thus, where the information is not filed or the proceedings are postponed, there is no adjudication as to the defendant's guilt or innocence. Consequently, there cannot be a conviction.

However, the Department is required to give the same effect to the conduct reported as it would if such conduct occurred in the home state in the case of *convictions* for driving under the influence. 75 Pa. C.S. § 1581, Art. IV. Accordingly, the report of Licensee's *conviction* in New Jersey required the Department to treat Licensee as though he had been convicted in Pennsylvania, which mandates a one-year suspension of his operating privilege. 75 Pa.C.S. § 1532(b)(3). *Folsom v. Department of Transportation, Bureau of*

---

**8.** In *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999), the Supreme Court clarified that the proper analysis under the Compact is to determine whether Pennsylvania's statute and the out-of-state statute are substantially similar to the language in Article IV(a)(2) of the Compact, and not, as § 1586 assumes, whether the out-of-state statute is substantially similar to Section 3731 of the Code.

*Driver Licensing,* 771 A.2d 118 (Pa. Cmwlth.2001), *appeal denied,* —— Pa. ——, 813 A.2d. 846, (Pa., 273 WAL 2001, filed December 18, 2002).

## V

 The Department has requested an award of counsel fees and costs pursuant to Pa. R.A.P. 2744.[9] It contends that Licensee's appeal is a waste of taxpayer resources because the Department must defend against the appeal and this Court must address it, when in fact, the case law is clear in this area. We agree.

Not only does Licensee raise arguments that were waived before the trial court, he acknowledges that the Supreme Court's decisions are binding on this Court and that we have previously addressed each issue. Moreover, Licensee cites *Folsom* to support his position that the General Assembly impermissibly amended the Compact, but completely fails to acknowledge that in *Folsom* we rejected the same argument he makes regarding participation in an ARD program. Therefore, we conclude that Licensee's appeal is frivolous and that the Department is entitled to an award of counsel fees and costs in accordance with Pa. R.A.P. 2744.

Based on the foregoing, we affirm the decision of the trial court and remand this matter for the determination of the amount of counsel fees and costs to be paid by Licensee and his counsel jointly and severally payable to the Department.

### ORDER

AND NOW, this 14th day of March, 2003, the June 17, 2002 order of the Court of Common Pleas of Montgomery County is AFFIRMED. This matter is remanded to the Court of Common Pleas to determine an amount of counsel fees and costs to be paid by Louis James Nolan and his counsel jointly and severally to the Department of Transportation pursuant to Pa. R.A.P. 2744.

Jurisdiction relinquished.

9. Pa. R.A.P. 2744 provides, in pertinent part:

> [A]n appellate court may award as further costs damages as may be just, including
> (1) a reasonable counsel fee and
> (2) damages for delay at the rate of 6% per annum in addition to legal interest,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.