STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                                        No. CR-6585


STATE OF MAINE

v.                                                         ORDER

NAJEE WHITE,

        Defendant


Before the court is a motion to suppress by defendant Najee White, who is representing himself and contends that any evidence obtained during the stop of his vehicle on October 4, 2016 should be suppressed. White argues there was no reasonable articulable suspicion for the stop. White also contends that once his vehicle was stopped, the officer needed and did not have reasonable articulable suspicion to ask for his registration and driver's license.

A hearing on White's motion was held on April 13, 2017.

The court finds that in response to a report of a suspicious vehicle Officer Ben Hall was dispatched to Cottage Street in Westbrook. As he turned the corner onto Cottage Street, he saw White's vehicle beginning to pull away from the curb on the left-hand side of the road, proceed down the middle of the road for a brief period, and slowly move into the right-hand lane. There was no oncoming traffic at the time. Officer Hall turned on his blue lights when White's vehicle had almost moved entirely into the right-hand lane, and White then pulled over.

Officer White's stated reason for stopping the vehicle was his belief that White's vehicle had violated a parking regulation of the City that forbade parking on the left-hand side of the street against the flow of traffic. Although any traffic markings on the street had faded to the

point of invisibility, the video offered in evidence shows that Cottage Street had a stop sign in both directions at the next intersection, demonstrating that Cottage Street was a two-way street.

It is unclear from the videotape whether White's vehicle had just started moving forward when the officer turned the corner onto Cottage Street or whether it was still stopped on the left-hand side of the road and began to slowly move forward an instant later. In either case, Officer Hall had a reasonable articulable suspicion that it had been parked on the left-hand side of the road. The State would therefore meet its burden of showing a reasonable articulable suspicion for the stop if it had offered into evidence the local ordinance that purportedly forbade parking on the left against the flow of traffic on a two-way street. The court is not allowed to take judicial notice of local ordinances. *Mills v. Town of Eliot*, 2008 ME 134 ¶ 23, 955 A.2d 258. Without the ordinance in evidence, the court cannot determine whether there was a reasonable suspicion of a violation of the ordinance. To the extent that Officer Hall also stopped White based on a vague report of a "suspicious vehicle" without any additional specifics, that alone would not constitute reasonable articulable suspicion, and the State does not argue to the contrary.

The State argued that the officer was justified in stopping the White vehicle for driving down the center of the road for a short distance but (1) that was not the officer's reason for the stop[1] and (2) the state statute cited by the prosecutor applies when there are "clearly marked lanes" for traffic, which was not true in this case. 29-A M.R.S. § 2051. In addition, it cannot be argued that White was operating the vehicle in an unsafe manner because there was no oncoming traffic, and the only vehicles on Cottage Street were those of White and Officer Hall.

---

[1] In addition to finding that an officer's suspicion was objectively reasonable, the court must also find that the officer "actually entertained" the suspicion in question. *State v. Lear,* 1998 ME 273 ¶ 5, 722 A.2d 1266, quoting *State v. Dean,* 645 A.2d 634, 635 (Me. 1994), and *State v. Worster,* 611 A.2d 979, 980 (Me. 1992); *State v. Chapman,* 495 A.2d 314, 317 (Me. 1985) ("the court clearly must find that the police *actually* had a suspicion at the time of the investigatory stop. A finding that a *reasonable person could have had* a reasonable suspicion on the given facts is not *alone sufficient,* since a *post hoc* rationalization cannot justify an arbitrary invasion of one's privacy") (emphasis in original).

Accordingly, the court finds that the State has not met its burden of proof. White argues in the alternative that even if the stop had been valid, the officer did not have reasonable articulable suspicion to then ask for his license and registration. On this issue, the court disagrees. Once a vehicle had been stopped based on reasonable articulable suspicion, 29-A M.R.S. § 105(2) authorizes the officer to request license and registration. The Law Court has also ruled that a request for a driver's license does not require any additional reasonable articulable suspicion if the stop of the vehicle was justified. *State v. Gerry,* 2016 ME 163 ¶ 13, 150 A.3d 810.

Nevertheless, because the court cannot determine whether there was a reasonable articulable suspicion of a parking ordinance violation without seeing the ordinance, White's motion to suppress is granted.

Dated: April 14, 2017

_____
Thomas D. Warren
Justice, Superior Court

3